[623 NYS2d 685]

JOEL EVANS, Appellant, v MARIE G. EVANS, Respondent.

Fourth Department, February 3, 1995

**APPEARANCES OF COUNSEL**

*Dutcher & Hagelberg,* Rochester *(Michael Hagelberg* of counsel), for appellant.

*Michael T. Belgiorno,* Rochester, for respondent.

### OPINION OF THE COURT

BALIO, J.

Hope Marie Evans was born on November 30, 1989 in Rochester, New York. Hope continuously resided in Rochester with her parents until January 15, 1993, when her mother, the defendant in this action, unilaterally left the marital residence and relocated with the child to Bremerton, Washington. Hope's father filed a summons and complaint on June 23, 1993 in the Supreme Court of New York, Monroe County, seeking a divorce and physical custody of Hope. A process server was employed to effect service upon the mother in Washington. Efforts to locate the mother at the homes of her relatives in the Bremerton area were unsuccessful, and it was only after surveillance of a residence where he suspected the mother to be that the process server was able to effect personal service upon her on September 14, 1993. Meanwhile, the mother had filed a petition for divorce in the Superior Court of Washington, Kitsap County, on August 11, 1993 and effected personal service upon the father in New York on August 18, 1993. The mother also sought physical custody of Hope.

The father moved in the Superior Court of Washington to dismiss the proceeding commenced there. He maintained that Washington lacked jurisdiction because the New York action was commenced first, he had never resided in Washington, and the petition in the Washington proceeding did not state

the addresses where the child had resided for the past five years. Superior Court denied that motion, holding that it had jurisdiction because, at the time the petition was filed, Washington was the child's home State.

The mother appeared in the New York action by serving an answer and counterclaim. The father moved for temporary custody of Hope and for an order directing that the child be returned to New York. Supreme Court, Monroe County, determined that New York did not have jurisdiction of the custody dispute; that Washington was properly exercising jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act (UCCJA); and, after communicating with the Superior Court of Washington, that New York should not exercise jurisdiction over the custody dispute.

We conclude that New York has home State jurisdiction concerning the custody of Hope pursuant to the Federal Parental Kidnaping Prevention Act (PKPA; 28 USC § 1738A) and the UCCJA; that Supreme Court erred in concluding that the Washington court was properly exercising jurisdiction under the UCCJA; and that the court erred in concluding that New York should not exercise jurisdiction. Thus, Supreme Court should not have dismissed the complaint.

I

New York's version of the UCCJA appears in article 5-A of the Domestic Relations Law (§ 75-a *et seq.*). Domestic Relations Law § 75-d (1) (a) provides that a court of this State has jurisdiction to make a custody determination when "this state (i) is the home state of the child at the time of *commencement of the custody proceeding,* or (ii) had been the child's home state within six months before commencement of such proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state" (emphasis added). Washington has a similar provision *(see,* Wash Rev Code Annot § 26.27.030 [1] [a]).

Supreme Court acknowledged that, technically, the New York action was commenced by the filing of the summons and complaint on June 23, 1993, but nevertheless concluded that New York did not have jurisdiction under the UCCJA. That was error.

CPLR 304, as amended effective July 1, 1992 (L 1992, ch

216, § 4), provides that an action "is commenced by filing a summons and complaint or summons with notice with the clerk of the court in the county in which the action is brought" *(see also, Enos v City of Rochester,* 206 AD2d 159). There is no dispute that the summons and complaint were properly filed with the clerk of Supreme Court, Monroe County, on June 23, 1993.

We reject the mother's contention that personal service should be determinative of the issue of jurisdiction under the UCCJA. Commencement of a custody proceeding, for purposes of the UCCJA, means the date of filing, not the date of service of process upon the defendant *(Martinez v Reed,* 490 So 2d 303, 306 [La App]). The UCCJA, in requiring a State to decline jurisdiction if, "at the time of filing the petition", a custody proceeding is pending in another State (Domestic Relations Law § 75-g [1]), accords priority to the action that is filed first, irrespective of the date of personal service *(see, Martinez v Reed, supra,* at 306; Bodenheimer, *Interstate Custody: Initial Jurisdiction and Continuing Jurisdiction under the UCCJA,* 14 Fam LQ 203, 213 [1981]).

Moreover, when New York adopted the commencement-by-filing procedure, it was intended that an action exist even though personal service had not yet been effected upon a named defendant. CPLR 306-b (a) provides that, if personal service is not made within the statutory period, the action will be "deemed dismissed". If no action had been commenced by filing, there would be nothing to dismiss.

Thus, the New York action was commenced on June 23, 1993 *(see, Enos v City of Rochester, supra).* On that date, Hope had not resided either in New York or Washington for six consecutive months and neither State was the home State of the child within the meaning of Domestic Relations Law § 75-d (1) (a) (i). New York, however, did have home State jurisdiction under section 75-d (1) (a) (ii). New York had been Hope's home State within six months before commencement of the New York action, Hope was absent from New York because she was removed from this State by her mother, and her father continues to reside in New York.

## II

The Superior Court of Washington did have initial jurisdiction over the mother's custody petition. At the time the petition was filed in that court, Hope had resided in

Washington for seven months. The mother was unaware, at the time she filed that petition, that an action had been commenced in New York. We conclude, however, that Supreme Court, Monroe County, erred in concluding that the Superior Court of Washington continued to exercise jurisdiction properly pursuant to the UCCJA.

The New York and Washington versions of the UCCJA provide that, if the court is informed during the course of a proceeding that a custody proceeding concerning the child "was pending in another state before the court assumed jurisdiction it *shall* stay the proceeding and communicate with the court in which the other proceeding is pending" (Domestic Relations Law § 75-g [3] [emphasis added]; Wash Rev Code Annot § 26.27.060 [3] [emphasis added]). When the father moved to dismiss the Washington petition, Superior Court was informed that, at the time the Washington petition was filed, a custody proceeding was pending in New York. That court was mandated by statute to stay its proceeding and to communicate with the New York court *(see, Vanneck v Vanneck,* 49 NY2d 602, 609-610; *Matter of Shakiba P.,* 181 AD2d 138, 145, *lv dismissed* 80 NY2d 925; *see also, Adoption of Zachariah K.,* 6 Cal App 4th 1025, 1037-1038, 8 Cal Rptr 2d 423, 430-431). It did neither. Instead, it determined that it had jurisdiction and denied the father's motion. It was Supreme Court, Monroe County, that first communicated with the Superior Court of Washington after the father moved, subsequent to the Washington decision, for an order granting him temporary custody of Hope. Thus, Superior Court of Washington was not continuing to exercise jurisdiction substantially in compliance with the UCCJA.*

Moreover, the mother failed to state the addresses of persons where the child had resided for the past five years, and thus the Washington petition did not comply with the UCCJA *(see,* Domestic Relations Law § 75-j [1]; Wash Rev Code Annot

---

* The continuance of jurisdiction by the Superior Court of Washington also violated the PKPA. That statute precludes the court of one State from exercising jurisdiction in any proceeding for custody "during the pendency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section" (28 USC § 1738A [g]). New York had home State jurisdiction over the custody dispute and had jurisdiction over the divorce action. At the time the father moved for dismissal of the Washington proceeding, New York had not declined to exercise jurisdiction. The father, however, has not raised the PKPA as a ground for relief on appeal, and we have not relied upon that ground.

§ 26.27.090 [1]). The failure of the mother to disclose that Hope had resided in New York before the unilateral removal of Hope to the State of Washington and the mother's failure to inform the Superior Court of Washington of the pendency of the New York action upon being served with the summons and complaint deprived that court of the opportunity to ascertain essential facts pertaining to its assumption and continuance of jurisdiction (see, Domestic Relations Law § 75-j; Wash Rev Code Annot § 26.27.090).

## III

■ Supreme Court, Monroe County, also erred in concluding that New York should not exercise jurisdiction. A State that has jurisdiction under the UCCJA may decline to exercise that jurisdiction for several reasons: the pendency of an action in another State (Domestic Relations Law § 75-g [1]; Wash Rev Code Annot § 26.27.060 [1]), the State is an inconvenient forum or another State would be a more appropriate forum (Domestic Relations Law § 75-h; Wash Rev Code Annot § 26.27.070) or the wrongful conduct of the person seeking custody (Domestic Relations Law § 75-i; Wash Rev Code Annot § 26.27.080). Supreme Court concluded that New York should not exercise jurisdiction because personal service was effected in the Washington proceeding before personal service was effected in the New York action. That conclusion is erroneous for two reasons. As previously noted, an action is commenced, for UCCJA purposes, when the petition or complaint is filed, irrespective of when the pleadings are served upon the parties (Martinez v Reed, 490 So 2d 303, 306, supra). Second, if two courts have exercised initial jurisdiction, whether either court should continue to exercise jurisdiction is determined by examining whether either court is an inconvenient forum or whether one court is a more appropriate forum than another (see, Domestic Relations Law § 75-h; Wash Rev Code Annot § 26.27.070; Matter of Shakiba P., 181 AD2d 138, 145, supra). The UCCJA sets forth five factors that a court may consider in determining whether one State is an inconvenient forum or a more appropriate forum (see, Domestic Relations Law § 75-h [3]; Wash Rev Code Annot § 26.27.070 [3]; Schumaker v Opperman, 187 AD2d 1033). Whether one State acquired personal jurisdiction before another is not one of those factors.

The UCCJA encourages the courts of each State to communicate with the other in an effort to resolve whether one of

them is an inconvenient forum or a more appropriate forum (see, Domestic Relations Law § 75-h [4]; Wash Rev Code Annot § 26.27.070 [4]). Supreme Court communicated with the Superior Court of Washington, but the record does not show that the relevant factors were discussed.

We are faced with a unique procedural context. The Superior Court of Washington has refused to decline jurisdiction. That court also failed to stay its proceeding and failed to communicate with the New York court to ascertain whether the pending New York action is being maintained properly pursuant to the UCCJA. Supreme Court, Monroe County, has erroneously determined that it did not have, and should not exercise, jurisdiction over the custody dispute instituted by the father. It appears that the parties have not fully presented evidence pertinent to the factors bearing on the inconvenient or more appropriate forum issue. Accordingly, the order should be reversed, the complaint reinstated, and the matter remitted for a proper consideration, by a different Justice, of the statutory factors set forth in Domestic Relations Law § 75-h (3) (see, Schumaker v Opperman, supra) and for a determination whether New York is the more appropriate forum to resolve this custody dispute.

DENMAN, P. J., FALLON, CALLAHAN and DAVIS, JJ., concur.

Order unanimously reversed, on the law, without costs, complaint reinstated, and matter remitted to Supreme Court for further proceedings in accordance with the opinion by BALIO, J.