■ In the Matter of LEWIS SMITH, Appellant, v SALLY SMITH, Respondent. [641 NYS2d 951] —Order unanimously reversed on the law without costs, petition reinstated and matter remitted to Cayuga County Family Court for further proceedings in accordance with the following Memorandum: The parties were married in March 1992 and their daughter was born in August 1992. Thereafter, the parties separated and, by order of Cayuga County Family Court dated September 30, 1993, respondent was awarded custody of the parties' daughter and petitioner was given "liberal supervised visitation". Thereafter, the parties reconciled and their son was born in November 1993. They resided together with their children in Auburn, New York, until December 23, 1994, when respondent unilaterally left the marital residence with the children and relocated with them to Sidney, Montana. In March 1995 petitioner commenced this proceeding in Cayuga County Family Court seeking custody of the children. By order dated June 26, 1995, the court dismissed the petition. Additionally, the order contained the following language: "ADJUDGED that the petition should be brought in the [S]tate of Montana where the mother resides with the children".

New York's version of the Uniform Child Custody Jurisdiction Act (UCCJA) is set forth in article 5-A of the Domestic Relations Law (75-a *et seq.*). Domestic Relations Law § 75-d (1) (a)

states that a court of this State has jurisdiction to make a custody determination when "this state (i) is the home state of the child at the time of commencement of the custody proceeding, or (ii) had been the child's home state within six months before commencement of such proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state". Moreover, the "[p]hysical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody" (Domestic Relations Law § 75-d [3]).

In the present case, New York has jurisdiction under Domestic Relations Law § 75-d (1) (a) (ii) because New York had been the children's home State within six months before commencement of this custody proceeding, the children were absent from New York because they were unilaterally removed from this State by their mother, and the children's father continues to reside in New York.

A determination that a jurisdictional predicate exists in New York, however, does not end the inquiry. The court must then determine whether it should exercise that jurisdiction. A court having jurisdiction under the UCCJA may decline to exercise its jurisdiction for the reasons set forth in sections 75-g, 75-h and 75-i of the Domestic Relations Law (*see, Vanneck v Vanneck,* 49 NY2d 602, 609; *Evans v Evans,* 208 AD2d 223, 229; Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 75-d, at 302). Section 75-g, which permits a court to decline to exercise its jurisdiction if there is a custody proceeding pending in another State, is inapplicable because no custody proceeding involving these parties is pending in the State of Montana. While section 75-h permits a court to decline to exercise its jurisdiction if it finds that it is an inconvenient forum to make a custody determination and that a court of another State is a more appropriate forum, the record establishes that the court failed to consider the five statutory factors enumerated in subdivision (3) of that statute, nor did the court indicate whether subdivision (1) of section 75-i applies and, if so, whether it wished to decline to exercise its jurisdiction pursuant to that statute. The record further establishes that the parties have not presented evidence relevant either to the factors bearing on the inconvenient forum issue or on the misconduct issue. Therefore, we reverse the order on appeal, reinstate the petition and remit the matter to Cayuga County Family Court for a consideration of those issues and for a determination whether it will exercise its juris-

diction to resolve this custody dispute. (Appeal from Order of Cayuga County Family Court, Corning, J.—Custody.) Present— Green, J. P., Pine, Fallon, Doerr and Davis, JJ.