■ In the Matter of TERRY CURTIS, Appellant, v PENELOPE CURTIS, Respondent. [654 NYS2d 538] —Order unanimously reversed on the law without costs, motion denied, petition reinstated and matter remitted to Monroe County Family Court for further proceedings in accordance with the following Memorandum: Although Family Court properly determined that it had subject matter jurisdiction over the petition (*see*, 28 USC § 1738A [a], [d], [f]; *see also, Capobianco v Willis*, 171 AD2d 834; Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 75-d), it abused its discretion in dismissing the petition on the ground that New York State is an inconvenient forum (*see*, Domestic Relations Law § 75-h). The court, in declining to exercise jurisdiction, placed far too much emphasis on the fact that the child resides in the Commonwealth of Virginia and too little emphasis on respondent's reprehensible conduct in removing the child from New York State in violation of the court's custody and visitation order and secreting the child in Virginia, which resulted in the complete frustration of petitioner's visitation rights (*see, Grossman v Meller*, 213 AD2d 221). In light of the indigency of petitioner, making him unable to participate meaningfully in a hearing in Virginia, and the fact that the parties may obtain relevant evidence from Virginia pursuant to the reciprocal provisions of Domestic Relations Law §§ 75-r and 75-s, we conclude that the hearing on the petition, which is limited solely to the issue of enforcement of petitioner's established visitation rights, must be held before Monroe County Family Court (*cf., Matter of Swain v Vogt*, 206 AD2d 703). (Appeal from Order of Monroe County Family Court, Bonadio, J.—Visitation.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.