▬ In the Matter of CINDY UHL, Appellant, v KARL UHL, Respondent. [665 NYS2d 987] —Order unanimously reversed on the law without costs, petition reinstated and matter remitted to Ontario County Family Court for further proceedings in accordance with the following Memorandum: Petitioner mother commenced this custody proceeding in May 1995, the day after respondent father took the children to the State of Washington allegedly without her knowledge and consent. Initially, Family Court properly exercised jurisdiction (*see,* Domestic Relations Law § 75-d [1] [a] [ii]; *Matter of Smith v Smith*, 226 AD2d 1095), and petitioner's attempted withdrawal of the petition four months later was ineffective without court order (*see,* CPLR 3217; Family Ct Act § 165). In November 1996, however, Family Court erred in declining jurisdiction in favor of the Superior Court of the State of Washington where respondent commenced a divorce proceeding in May 1996. Contrary to the determination of Family Court, the Washington court is not exercising jurisdiction in substantial conformity with the Uniform Child Custody Jurisdiction Act (*see,* Domestic Relations Law § 75-g [1]). Upon the filing of the divorce, the Washington court was notified that there was a Family Court proceeding pending in New York concerning the children but did not "direct an inquiry to the state court administrator or other appropriate official of the other state" (Wash Rev Code Annot § 26.27.060 [2]; *see also,* Domestic Relations Law § 75-g [4]). Nor did the Washington court stay its proceedings and contact Family Court after being informed in August 1996 that Family Court was exercising jurisdiction over the matter (Wash Rev Code Annot § 26.27.060 [3]; *see, Evans v Evans*, 208 AD2d 223, 228-230). Furthermore, Family Court should have

contacted the Washington court before declining jurisdiction (*see,* Domestic Relations Law § 75-g [3]; § 75-h [4]; *see also, Evans v Evans, supra,* at 229-230), and should have afforded the parties an opportunity to present evidence concerning the statutory factors (*see,* Domestic Relations Law § 75-h [3]; *Matter of Smith v Smith, supra,* at 1096-1097; *see also, Matter of Curtis v Curtis,* 237 AD2d 984). Therefore, we reverse the order and remit the matter to Ontario County Family Court for further proceedings to determine whether it will exercise its jurisdiction to resolve this custody dispute. (Appeal from Order of Ontario County Family Court, Henry, Jr., J.—Custody.) Present—Denman, P. J., Green, Wisner, Balio and Boehm, JJ.