■ In the Matter of CHRISTINE M. ELLOR, Appellant, v ALBERT J. ELLOR, Respondent. [671 NYS2d 543] —Carpinello, J. Appeal from an order of the Family Court of Broome County (Hester, Jr., J.), entered November 15, 1996, which, *inter alia*,

dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody order.

The parties, who are not unfamiliar to this Court (see, *Matter of Ellor v Ellor*, 221 AD2d 886; *Matter of Ellor v Ellor*, 145 AD2d 773), have one child now 15 years old. Nearly a decade of various custody proceedings between them have consistently resulted in primary physical custody of the child with respondent. On May 14, 1996, following a July 1995 modification petition by petitioner, the parties entered into a stipulation pursuant to which, *inter alia*, respondent, who had moved to New Jersey with the child in September 1995, retained primary physical custody and petitioner gained increased visitation.

Approximately eight weeks after the entry of the June 28, 1996 Broome County Family Court order reflecting the parties' stipulation, petitioner filed yet another petition for modification in Tioga County, which was transferred back to Broome County. Her subsequent amended modification petition was dismissed by Broome County Family Court on the ground that New Jersey, as the child's home State, was a more convenient forum than New York under Domestic Relations Law article 5-A. Petitioner appeals from this order.

The factors to be considered in making a determination under Domestic Relations Law § 75-h, as relevant here, are whether the child resides or has recently resided in another State, whether another State has a closer connection with the child and his or her family, and whether substantial evidence concerning the child's present or future care is more readily available in another State (see, Domestic Relations Law § 75-h [3]). Upon our review of the record, it is evident that New Jersey satisfies each of these requirements. Since September 1995, respondent and the child have resided in New Jersey. The child's most recent school records are located there, as are her current teachers, friends and doctors. While New York also has a connection to this child because, as of the filing of the amended petition, petitioner lived here and the child visited her for substantial periods of time throughout the year, we are nevertheless of the view that, upon proper balance, Family Court's finding was appropriate (see, e.g., *Matter of MacAdam v Hosmer*, 244 AD2d 665, 666-667, lv denied 91 NY2d 806; *Matter of Ginn v Strafaci*, 223 AD2d 883, 884).

We have reviewed petitioner's remaining contentions and find them to be unpersuasive.

Mercure, J. P., White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.