■ KRISHNA SHETTY, Appellant, v LATA SHETTY, Respondent. [704 NYS2d 664] —In an action for a divorce and ancillary relief, the plaintiff husband appeals from an order of the Supreme Court, Nassau County (Mahon, J.), dated May 4, 1999, which denied his motion, inter alia, for custody of the parties' three children.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The defendant wife commenced an action for a divorce and ancillary relief in Massachusetts. The court in that State declined to exercise jurisdiction over the action on the ground that the plaintiff husband had commenced an action for the same relief in New York. The Supreme Court, Nassau County,

denied the plaintiff's motion, *inter alia*, for custody of the children on the ground that as an action for a divorce and ancillary relief had been commenced by the defendant in Massachusetts prior to service of the plaintiff's complaint in the New York action, it had no subject matter jurisdiction. We disagree.

In New York State, an action is commenced when the petition or complaint is filed (*see,* CPLR 304; *Evans v Evans,* 208 AD2d 223). The Massachusetts court properly declined to exercise jurisdiction on the ground that New York had acquired jurisdiction. Pursuant to Domestic Relations Law § 75-d, New York has jurisdiction to decide the action for a divorce and custody of the children because New York is the home State of the children. In the absence of any evidence that New York should decline jurisdiction pursuant to Domestic Relations Law §§ 75-h and 75-i, we find that jurisdiction properly lies in New York. Therefore, we remit the matter for the court to determine the custody application and divorce action on the merits. Santucci, J. P., Joy, Goldstein and Schmidt, JJ., concur.