■ In the Matter of THOMAS M. DAWBER, SR., Appellant, v MARYANNE KELLY, Respondent. [732 NYS2d 24] —In an interstate custody proceeding pursuant to Domestic Relations Law article 5-A, the petitioner appeals from an order of the Supreme Court, Queens County (Flug, J.), dated July 25, 2000, which, *sua sponte*, dismissed the proceeding on the ground of forum non conveniens.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

While New York residents, the parties had a child out of wedlock. Contemporaneously with the respondent's unilateral relocation to South Carolina with the parties' child, the

petitioner commenced this proceeding pursuant to the Uniform Child Custody Jurisdiction Act (see, Domestic Relations Law art 5-A), inter alia, for sole custody. The petitioner promptly commenced the proceeding while New York was still the child's "home state" (Domestic Relations Law § 75-c [3], [5]), thereby conferring jurisdiction on the Supreme Court (see, Domestic Relations Law § 75-d [1] [a] [i]). Nevertheless, the Supreme Court, sua sponte, dismissed the proceeding on the ground of forum non conveniens, finding that South Carolina was a more convenient forum for the resolution of this matter. We reverse.

The Supreme Court had the authority to dismiss the proceeding sua sponte upon a finding that South Carolina was a more convenient forum (see, Domestic Relations Law § 75-h [2], [5]). However, it was an improvident exercise of discretion to do so without considering the factors enumerated in Domestic Relations Law § 75-h (3) (see, Matter of DeGrizje v Delviccario, 279 AD2d 574; Matter of Ellor v Ellor, 249 AD2d 705), or receiving any evidence upon which to base its determination (see, Matter of Smith v Smith, 226 AD2d 1095). Moreover, Domestic Relations Law § 75-h (8) provides that a court, upon dismissing a proceeding on the ground of forum non conveniens, "shall inform the court found to be the more appropriate forum of such dismissal * * * or if the court which would have jurisdiction in the other state is not certainly known, shall transmit the information to the court administrator or other appropriate official for forwarding to the appropriate court" (see, Matter of Javier v Javier, 264 AD2d 735). There is no indication that the Supreme Court complied with this provision.

Accordingly, we remit the matter to the Supreme Court, Queens County, for further proceedings, including the development of the facts pertaining to the statutory factors upon which it may make a new determination as to jurisdiction (see, Matter of Smith v Smith, supra). Ritter, J. P., S. Miller, Luciano and Crane, JJ., concur.