◼ In the Matter of JOSEPH R. ERHARD, Appellant, v ANNA H. SAMPSELL, Respondent. [743 NYS2d 196] —Peters, J. Appeal from an order of the Family Court of Schuyler County (Argetsinger, J.), entered August 10, 2001, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior order of custody.

The parties to this proceeding have one child, Brent (born in 1994). By order of the Court of Common Pleas of Tioga County, Pennsylvania, entered September 2000, petitioner, a New York resident, was awarded both primary and legal custody of the child while respondent, a Pennsylvania resident, was limited to supervised visitation in Pennsylvania. In February 2001, petitioner sought a modification of the custody order in Family Court alleging that the child's six-month residency in this state was sufficient to confer jurisdiction pursuant to Domestic Relations Law § 75-d. Following several appearances and a later modification petition filed by respondent in which she sought unsupervised visitation, the court dismissed both petitions, sua sponte, on forum non conveniens grounds. Petitioner appeals.

Upon this scant record, it appears that even if the necessary jurisdictional predicates exist by virtue of New York becoming the home state of the child at the time of the commencement of this proceeding (see, Domestic Relations Law § 75-d [1] [a] [i]; see also, Domestic Relations Law § 75-c), we find Family Court to have properly recognized that another, more convenient, forum exists (see, Domestic Relations Law § 75-h; Matter of Ellor v Ellor, 249 AD2d 705, 706; Matter of MacAdam v Hosmer, 244 AD2d 665, 666-667, lv denied 91 NY2d 806).

In determining that New York was an inconvenient forum, Family Court properly reviewed the five factors set forth in Domestic Relations Law article 5-A which balance the competing states' claim to "home state" jurisdiction, the connections that each have with the child and his family, the place where a greater quantum of evidence concerning the present or future well-being of the child could be located, agreements made

concerning another appropriate forum and whether the exercise of jurisdiction by a New York court would contravene the Uniform Child Custody Jurisdiction Act (Domestic Relations Law § 75-a *et seq.*; *see*, Domestic Relations Law § 75-h [3]). Here, Family Court properly recognized that this child has resided in Pennsylvania for the majority of his life and that there exists evidence in that jurisdiction sufficient to have prompted that court's change of primary custody to petitioner. As this evidence directly relates to the child's present or future care and as respondent continues her residency in Pennsylvania, we find Family Court to have properly concluded that Pennsylvania should continue its jurisdiction over this matter (*see*, 23 Pa Cons Stat Ann § 5344; *Favacchia v Favacchia*, 769 A2d 531, 537-538 [Pa]; *see also*, Parental Kidnaping Prevention Act of 1980, 28 USC § 1738A [d]).

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.