■ In the Matter of VIRGINIA KOTARY, Respondent, v HENRY LAVARNWAY, Appellant. (Appeal No. 1.) [765 NYS2d 404] —Appeal from an order of Family Court, Oneida County (Cook, J.), entered July 9, 2002, which granted the petition and found respondent in contempt of court and modified the visitation schedule set forth in a prior order by awarding petitioner additional visitation with her grandchild.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the matter is remitted to Family Court, Oneida County, for further proceedings in accordance with the following memorandum: Respondent father appeals from an order granting the petition of the child's maternal grandmother seeking to find respondent in contempt of court based on his violation of a prior order and modifying the visitation schedule set forth in that prior order by awarding petitioner additional visitation with the child. We agree with respondent that reversal is required based on Family Court's failure to comply with Domestic Relations Law former § 75-g. Pursuant to Domestic Relations Law former § 75-g (1), a New York court with jurisdiction in a child custody proceeding is not permitted to exercise that jurisdiction if a proceeding is pending in another jurisdiction and that proceeding has not been stayed (*see generally Mazur v Mazur*, 207 AD2d 61, 66-67 [1994], *lv denied* 85 NY2d 803 [1995]). Here, it is undisputed that respondent filed

a modification petition in Texas a few days before petitioner filed her contempt petition, and Family Court was aware of respondent's petition. Although petitioner was not served with the Texas petition until after she filed her petition, "[c]ommencement of a custody proceeding, for purposes of the [Uniform Child Custody Jurisdiction Act], means the date of filing, not the date of service of process" (*Evans v Evans*, 208 AD2d 223, 227 [1995]). Because Texas had jurisdiction over the matter as the child's home state (*see* 28 USC § 1738A [b] [4]), the court herein was required pursuant to Domestic Relations Law former § 75-g (3) to contact the Texas court to ascertain whether it was declining jurisdiction before the court herein could properly exercise its own jurisdiction. The record establishes that the court failed to make the required contact with the Texas court. Consequently, we reverse the order and remit the matter to Family Court, Oneida County, for further proceedings to comply with Domestic Relations Law former § 75-g before exercising its jurisdiction to determine the merits of the contempt proceeding (*see Matter of Uhl v Uhl*, 244 AD2d 935, 936 [1997]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski and Lawton, JJ.