In the Matter of Jun Cao, Appellant, v Ping Zhao, Respondent. [769 NYS2d 650]—

Rose, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered August 28, 2003, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.

The parties, who have one child born in June 1994, were divorced in January 1998 by a judgment that incorporated their stipulation to joint child custody, with respondent mother having primary physical custody and petitioner father having frequent visitation. The stipulation contemplated respondent's move with the child to Florida, and they have resided there since July 1998. In July 2003, just as the child's summer visitation with petitioner in New York was about to end, petitioner sought a modification of custody in Family Court on the grounds that respondent had abused and neglected the child. Respondent moved for dismissal of the petition for lack of jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (*see* Domestic Relations Law art 5-A).

After allowing the parties to make additional submissions on the issue of jurisdiction, Family Court decided that, although it was not deprived of jurisdiction, it would dismiss the petition on forum non conveniens grounds (*see* Domestic Relations Law § 76-f). We find no abuse of discretion in Family Court's ruling that an investigation and adjudication of petitioner's allegations should occur in Florida, the more appropriate forum (*see Matter of Ellor v Ellor*, 249 AD2d 705 [1998]; *Matter of MacAdam v Hosmer*, 244 AD2d 665, 666-667 [1997], *lv denied* 91 NY2d 806 [1998]). Family Court's decision notes that it considered the factors set forth in Domestic Relations Law § 76-f (2) and our review of the record reveals that the court struck a reasonable balance between concerns for the child's well-being and the child's long-term residence with respondent in Florida. Family Court properly gave weight to the child having lived in respondent's care in Florida for the past five years of his life, as well as the existence of evidence in Florida concerning both respondent's conduct and the child's well-being (*see Matter of Erhard v Sampsell*, 295 AD2d 661, 661-662 [2002], *lv denied* 98 NY2d 610 [2002]).

While we agree with petitioner and the Law Guardian that Family Court was required to consider which state could best protect the child (*see* Domestic Relations Law § 76-f [2] [a]) and that it should have made a specific finding on this point, the record reveals sufficient evidence to provide a sound basis to support the determination that Florida is the more appropriate forum (*cf. Dawber v Kelly*, 287 AD2d 625, 626 [2001]). Considering also that the Department of Social Services was in contact with its counterpart in Florida and dismissal of the petition was stayed pending petitioner's prompt commencement of a custody proceeding there, we find no error in Family Court's decision.

Finally, petitioner's contention that dismissal was premature

because Family Court did not expressly allow the parties to address the issue of forum non conveniens as contemplated in Domestic Relations Law § 76-f (2) is also unpersuasive. When Family Court informed the parties that it would promptly decide whether or not to exercise jurisdiction, it gave them one week for "submissions on the law and anything else you want to submit." Under the circumstances, we find that this provision satisfied the statutory mandate.

Cardona, P.J., Crew III, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.