■ In the Matter of Annemarie Scala, Appellant, v Michael Tefft et al., Respondents. (And Another Related Proceeding.) [840 NYS2d 193]—

Cardona, P.J. Appeal from an order of the Family Court of Chenango County (Sullivan, J.), entered July 6, 2006, which dismissed petitioner's applications, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody and to hold respondent Stephanie A. Justice in violation of a prior order of custody.

Petitioner (hereinafter the mother) and respondent Michael Tefft (hereinafter the father) are the parents of three children, born in 1999, 2001 and 2003. Respondent Stephanie A. Justice is the children's paternal grandmother. Pursuant to a September 2005 custody order, all three parties now share joint custody of the children, with primary physical placement with Justice, who resides in North Carolina. The father also resides in North Carolina; the mother resides in New York.

In June 2006, the mother filed a petition for modification of the September 2005 order asking that all three children be placed with her. She also filed a violation petition alleging that Justice violated that order. In support of both petitions she claimed that Justice had turned over physical custody of the children to the father.

In July 2006, all parties made an initial appearance in Family Court. The Law Guardian appeared on behalf of the children, while the father and Justice were jointly represented by counsel. The court informed the mother that she was entitled to counsel and she unequivocally stated that she wished to have an attorney assigned to represent her. When the court asked if she was seeking interim relief, she again stated that she needed an attorney.

Family Court then allowed respondents' counsel to argue their position. Specifically, counsel denied the allegations, described

in detail the custody arrangements existing in North Carolina, then moved to dismiss the petitions. In addition, the court put respondents under oath, whereupon they denied the allegations and further elaborated on the children's condition and the custody arrangements. Next, the Law Guardian stated that the children were thriving in North Carolina and he joined with respondents in seeking dismissal of the petitions. Finally, the court placed the mother under oath and questioned her about the basis for her information that the children were living with the father. She declined to answer the court's questions and again replied that she needed a lawyer before proceeding. The court then dismissed the petitions and, sua sponte, transferred jurisdiction over all future custody petitions to North Carolina, while retaining jurisdiction over future visitation petitions. The mother appeals from the order of dismissal.*

Family Ct Act § 262 (a) (v) provides that "the parent of any child seeking custody or contesting the substantial infringement of his or her right to custody of such child, in any proceeding before the court in which the court has jurisdiction to determine such custody" has the right to the assistance of counsel. "When such person first appears in court, the judge shall advise such person before proceeding that he or she has the right to be represented by counsel . . . , of the right to have an adjournment to confer with counsel, and of the right to have counsel assigned by the court" in the case of indigence (Family Ct Act § 262 [a]; *see Matter of Grayson v Fenton*, 8 AD3d 696 [2004]).

Here, Family Court appropriately informed the mother of her right to counsel and to an adjournment to discuss the matter with counsel. She clearly asserted that she wished to have counsel. At that point, without regard to the merits of the petitions, the matter should have been adjourned until the mother obtained and conferred with counsel (*see* Family Ct Act § 262 [a]; *Matter of Williams v Bentley*, 26 AD3d 441, 441-442 [2006]; *Matter of Moloney v Moloney*, 19 AD3d 496, 497 [2005]; *Matter of Wilson v Bennett*, 282 AD2d 933, 934-935 [2001]). Instead, the court proceeded to conduct a substantial inquiry concerning the petitions at which respondents, their counsel, and the Law Guardian were allowed to argue their positions on the merits while the mother was without legal representation. Because the mother was not afforded the opportunity to obtain and consult

---

* Family Court subsequently issued an amended order of dismissal from which petitioner did not appeal. Since the amended order does not differ materially from the original order, we will address the merits of the appeal in the interest of judicial economy (*see* CPLR 5520 [c]; *Matter of Edwards v Goord*, 26 AD3d 659, 659 n [2006], *lvs denied* 7 NY3d 710, 922 [2006]).

with counsel, we must reverse and reinstate the petitions (*see Matter of Edwards v Cade*, 33 AD3d 1087, 1088-1089 [2006]; *Matter of Williams v Bentley, supra* at 442; *Matter of Moloney v Moloney, supra* at 497; *Matter of Grayson v Fenton, supra*; *Matter of Wilson v Bennett, supra* at 935).

The mother also contends that Family Court erred in transferring jurisdiction over custody matters to North Carolina when no party requested such relief. Domestic Relations Law § 76-f provides that the question as to whether New York is an inconvenient forum may be raised upon the court's own motion (*see* Domestic Relations Law § 76-f [1]). However, before making such a determination, the court must allow the parties to submit pertinent information and must consider all relevant factors, including those enumerated in the statute (*see* Domestic Relations Law § 76-f [2] [a]-[h]). Here, information from the parties was not solicited (*see Matter of Jenkins v Jenkins*, 9 AD3d 633, 635 [2004], *lvs dismissed* 5 NY3d 881 [2005], 6 NY3d 751 [2005]) and the record does not contain evidence that the statutory factors were considered (*see Matter of Rey v Spinetta*, 8 AD3d 393, 394 [2004]; *Matter of Dawber v Kelly*, 287 AD2d 625, 626 [2001]). Accordingly, we remit the matter for further proceedings to be conducted in compliance with the statute (*see Matter of Rey v Spinetta, supra* at 394; *Matter of Dawber v Kelly, supra* at 626; *compare Matter of Jun Cao v Ping Zhao*, 2 AD3d 1203 [2003], *lv denied* 1 NY3d 509 [2004]).

Our disposition renders petitioner's remaining contentions academic.

Crew III, Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Chenango County for further proceedings not inconsistent with this Court's decision.