In the Matter of LUIS F.F., Appellant, v JESSICA G., Respondent. [7 NYS3d 115]—

Order, Family Court, Bronx County (Llinet M. Rosado, J.), entered on or about January 28, 2014, which granted respondent mother's motion to dismiss the modification of custody petition on forum non conveniens grounds, unanimously affirmed, without costs.

The father, who lives in Pennsylvania, commenced this proceeding to modify a New York state order granting sole custody of the child to the mother approximately 12 days after the mother moved to Connecticut with the child. Contrary to the arguments advanced on appeal by the attorney for the child, the Family Court continued to have exclusive, continuing jurisdiction when the modification petition was filed, and no determination was requested or made relinquishing jurisdiction pursuant to Domestic Relations Law § 76-a (1) (a). Although the Family Court incorrectly stated that Connecticut was the child's "home state," its determination that New York is an inconvenient forum was based on a consideration and balancing of the factors listed in Domestic Relations Law § 76-f (2), and, to the extent certain factors were not mentioned, the record is sufficient to permit us to consider them (*see Matter of Anthony B. v Priscilla B.*, 88 AD3d 590 [1st Dept 2011]).

After review of the record, we find that there was a sound basis for the Family Court's finding that Connecticut is the more convenient forum to decide the modification petition. The record shows that substantial evidence is no longer available in New York State concerning the child's care, protection, training and personal relationships, because the child's school, doctors and residence are all located in Connecticut (*see Matter of Jun Cao v Ping Zhao*, 2 AD3d 1203, 1204-1205 [3d Dept 2003], *lv denied* 1 NY3d 509 [2004]). Concur—Tom, J.P., Sweeny, Renwick and Andrias, JJ.