■ In the Matter of JAMILAH DD., Appellant, v EDWIN EE., Respondent. (And Four Other Related Proceedings.) [59 NYS3d 193]—

Aarons, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered January 20, 2016, which, in two proceedings pursuant to Family Ct Act articles 6 and 8, among other things, granted respondent's motion to dismiss the petitions.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a son who was born in New York in June 2015. Approximately three weeks after the child's birth, the parties moved to Florida. On August 18, 2015, the father commenced a proceeding in Florida seeking custody and/or visitation with the child. On August 19, 2015, the Flor-

---

ida court issued a temporary injunction prohibiting the mother from leaving the state. The mother, however, had returned to New York on August 18, 2015 with the child because of an alleged incident of domestic violence.

On August 27, 2015, the mother commenced these proceedings by filing a family offense petition* and a custody petition. Family Court, on September 1, 2015, granted the mother temporary custody of the child and issued a temporary order of protection against the father. Meanwhile, on September 2, 2015, the Florida court issued an order directing the mother to return to Florida with the child. The father answered the mother's petitions and filed three separate petitions in New York: a petition to modify Family Court's September 1, 2015 order; a petition to register the September 2, 2015 injunction issued by the Florida court; and a petition to enforce the September 2, 2015 injunction. The father also moved to dismiss the mother's petitions.

Family Court and the Florida court held two telephone conferences with the parties to determine which court had jurisdiction. The courts, however, were unable to resolve the jurisdictional issue. In November 2015, the Florida court issued an order exercising jurisdiction over the matter. In January 2016, Family Court granted the father's motion. The mother appeals.

The Uniform Child Custody Jurisdiction and Enforcement Act, which is codified within Domestic Relations Law article 5-a, delineates when a New York court may exercise jurisdiction over child custody proceedings. Under this Act, a New York court may exert jurisdiction if it is the child's home state (see Domestic Relations Law § 76 [1] [a]). Where, as here, the child is less than six months old, the home state is "the state in which the child lived from birth" with a parent or a person acting as a parent (Domestic Relations Law § 75-a [7]; see Matter of Milani X. [Katie Y.], 149 AD3d 1225, 1226 [2017]).

Assuming, without deciding, that the mother is correct that New York is the home state of the child because that was where he lived "from birth" (Domestic Relations Law § 75-a [7]) or that the parties' time in Florida was a temporary absence from New York, we nonetheless conclude that Family Court properly declined jurisdiction. In this regard, a New York court that has jurisdiction may still "decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under

---

* The family offense petition alleged that the father committed the family offenses of aggravated harassment in the second degree and disorderly conduct based upon an incident occurring in Florida.

the circumstances and that a court of another state is a more appropriate forum" (Domestic Relations Law § 76-f [1]; *see Matter of Frank MM. v Lorain NN.*, 103 AD3d 951, 952 [2013]). Such factors for the court's consideration include "whether domestic violence is an issue, the length of time the children have resided out of the state, the nature and location of the evidence needed to resolve the litigation, the ability of each state to resolve the matter expeditiously and the familiarity of the court of each state with the facts and issues" (*Matter of Eisner v Eisner*, 44 AD3d 1111, 1113 [2007], *lv denied* 9 NY3d 816 [2007]; *see* Domestic Relations Law § 76-f [2] [a]-[h]).

At the outset, we note that Family Court declined jurisdiction on the basis that Florida was the home state, as opposed to finding that Florida was the more convenient forum. Nevertheless, it appears that Family Court based its determination on the statutory factors used to determine whether a forum is inconvenient (*see* Domestic Relations Law § 76-f [2] [a]-[h]; *Matter of Luis F.F. v Jessica G.*, 127 AD3d 496, 497 [2015]). Moreover, Family Court directed the parties to submit papers as to "why they think [New York] is a better venue than Florida or why they think it's a worse venue." Inasmuch as the parties submitted proof and arguments regarding the inconvenient forum issue and the record is sufficient for us to make such determination, remittal is not necessary (*see Matter of Luis F.F. v Jessica G.*, 127 AD3d at 497; *Matter of Jenkins v Jenkins*, 9 AD3d 633, 635 [2004], *appeals dismissed* 5 NY3d 881 [2005], 6 NY3d 751 [2005]; *Matter of Jun Cao v Ping Zhao*, 2 AD3d 1203, 1204 [2003], *lv denied* 1 NY3d 509 [2004]).

Our review of the record discloses that Florida is the more convenient forum. Notwithstanding the child's tender age at the time the proceedings were commenced, the child has lived a majority of his life in Florida. The alleged domestic abuse took place in Florida and was investigated in Florida. Furthermore, during one of the telephone conferences between the two courts, the Florida court stated that the Florida Department of Children and Families was investigating a matter involving the mother and that testimony was given by a caseworker. As noted in its November 2015 order, the Florida court already conducted a hearing and made findings regarding the credibility of the witnesses who had testified. In view of the foregoing, we find that the record supports the conclusion that Florida is the more convenient forum (*see Matter of Joy v Kutzuk*, 99 AD3d 1049, 1051 [2012], *lv denied* 20 NY3d 856 [2013]; *Matter of Kelly v Krupa*, 63 AD3d 1395, 1395-1396 [2009]; *Matter of Jenkins v Jenkins*, 9 AD3d at 635-636). The mother's

remaining contention that she was denied due process is better suited for resolution by the Florida court.

Egan Jr., J.P., Lynch, Devine and Clark, JJ., concur. Ordered that the order is affirmed, without costs.