Matter of Cody RR. v Alana SS. (2019 NY Slip Op 07471)





Matter of Cody RR. v Alana SS.


2019 NY Slip Op 07471


Decided on October 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 17, 2019

528156

[*1]In the Matter of Cody RR., Appellant,
v
Alana SS., Respondent.

Calendar Date: September 12, 2019

Before: Garry, P.J., Clark, Mulvey and Pritzker, JJ.


Lisa K. Miller, McGraw, for appellant.
Jackson Bergman, LLP, Binghamton (Benjamin K. Bergman of counsel), for respondent.
Michelle E. Stone, Vestal, attorney for the children.



Garry, P.J.
Appeal from an order of the Family Court of Broome County (Young, J.), entered December 6, 2018, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of three children (born in 2006, 2009 and 2012). By an order entered on consent in August 2016, Family Court awarded sole custody to the mother, gave permission to the mother to relocate to Florida with the children, and granted supervised parenting time to the father in Florida and New York, as well as telephone and electronic communication. Both the parenting time and other communication were to be arranged between the parties. In June 2018, the father filed a modification petition seeking scheduled unsupervised parenting time and split holidays. Thereafter, in September 2018, he filed an order to show cause alleging that the mother was refusing to allow him telephone and electronic contact with the children. The mother, through her counsel, filed a purported notice of limited appearance objecting to jurisdiction in New York on the ground that the mother and children had resided in Florida for more than six months.
The father, his counsel, the mother's counsel and the attorney for the child were present at the initial appearance. At that time, the mother's counsel made a request for dismissal of the petition on jurisdictional grounds pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (see Domestic Relations Law art 5-A [hereinafter UCCJEA]). The father opposed this request, advising that he had not received the notice of limited appearance and did not know that jurisdiction would be contested at the initial appearance. Following a brief discussion with counsel, Family Court granted the mother's request, dismissed the petition, denied the relief sought in the order to show cause and directed all further proceedings to take place in Florida. The father appeals.
Family Court erred in summarily relinquishing jurisdiction. As the court acknowledged, it had exclusive continuing jurisdiction over the matter pursuant to the UCCJEA (see Domestic Relations Law § 76-a [1] [a]; Matter of Burdick v Boehm, 148 AD3d 1439, 1439-1440 [2017]). Although a court may decline to exercise such jurisdiction upon finding that New York is an inconvenient forum and another state is a more appropriate forum (see Domestic Relations Law § 76-f [1]; Matter of Frank MM. v Lorain NN., 103 AD3d 951, 952 [2013]), such a determination must be made in accord with the statutory directives established within Domestic Relations Law § 76-f. The statutory requirements were not met here.
Initially, the mother's limited notice of appearance was neither the proper vehicle to make a jurisdictional challenge pursuant to the UCCJEA nor to seek a determination that New York was an inappropriate forum, which is not based upon a lack of jurisdiction.[FN1] The mother's request should have been made by motion on notice to the father, which would have provided him with the requisite notice and an opportunity to respond (see Domestic Relations Law §§ 76-d [1]; 76-f [1]; see e.g. Matter of Briggs v Briggs, 171 AD3d 741, 742 [2019]). Moreover, Domestic Relations Law § 76-f provides that, in rendering a determination that New York is an inconvenient forum, "the court must allow the parties to submit pertinent information and must consider all relevant factors, including those enumerated in the statute" (Matter of Scala v Tefft, 42 AD3d 689, 692 [2007]; see Domestic Relations Law § 76-f [2] [a]-[h]). Here, the father was not allowed an opportunity to submit information as to whether New York or Florida was the more appropriate forum (see Matter of Burdick v Boehm, 148 AD3d at 1440; Matter of Scala v Tefft, 42 AD3d at 692; compare Matter of Jun Cao v Ping Zhao, 2 AD3d 1203, 1205 [2003], lv denied 1 NY3d 509 [2004]).
Further, review of the record does not reveal that Family Court gave the required consideration to each of the statutory factors (see Matter of Scala v Tefft, 42 AD3d at 692; Matter of Rey v Spinetta, 8 AD3d 393, 394 [2004]). Finally, as neither party submitted information and no testimony was taken, the limited record does not permit this Court to conduct an independent review (compare Matter of Jenkins v Jenkins, 9 AD3d 633, 635-636 [2004], lvs dismissed 5 NY3d 881 [2005], 6 NY3d 751 [2005]).[FN2] Accordingly, we remit the matter for further proceedings upon the father's petition and order to show cause, to be conducted in compliance with the UCCJEA and Family Ct Act article 6.
Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: "The only limited appearance recognized under the CPLR is in an action where the sole basis of jurisdiction is the attachment of a defendant's property" (Gau v Kramer, 289 AD2d 804, 805 n [2001] [internal quotation marks and citation omitted]; see CPLR 320 [c] [1]; Family Ct Act § 165 [a]).

Footnote 2: We further note that, even if New York was not a convenient forum to resolve the dispute, the father's petition should not have been dismissed. Instead, the proceedings should have been stayed upon the condition that an appropriate proceeding be promptly commenced in Florida (see Domestic Relations Law § 76-f [3]; Matter of Frank MM. v Lorain NN., 103 AD3d at 955).