Matter of Sadie HH. v Darrin II. (2020 NY Slip Op 01219)





Matter of Sadie HH. v Darrin II.


2020 NY Slip Op 01219


Decided on February 20, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 20, 2020

527453

[*1]In the Matter of Sadie HH., Appellant,
v
Darrin II., Respondent.

Calendar Date: January 16, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Michael E. Trossett, Cooperstown, for respondent.
Christopher Hammond, Cooperstown, attorney for the child.



Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of Otsego County (Burns, J.) entered August 20, 2018, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petition.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of the subject child (born in 2007). In July 2016, Family Court granted the father's relocation petition to move to Arizona with the child. The order directed, among other things, that the mother shall have "[o]ne (1) telephone call per week to be initiated by the father at an agreed-upon day and time" and "the father shall return the child to New York each summer for a one (1) week period, during which the mother shall have daily contact with the child, such contact to take place in either a therapeutic setting or in the presence of a responsible adult third party to insure the child's emotional safety." Thereafter, the father and the child relocated to Arizona.
In July 2017, the mother filed enforcement and modification petitions. The father sought to dismiss them based on, among other things, inconvenient forum. In September 2017, Family Court found New York to be the more convenient forum, as all relevant evidence and witnesses were in New York. The parties reached an agreement in 2018 resolving the petitions, which included the father's admission to violating the order. By order entered in March 2018, the court modified the 2016 order by directing the father to give the mother notice no later than May 1 of each year as to which week he would be bringing the child to New York for the child's summer visitation. Thereafter, the father registered the 2016 order in Maricopa County, Arizona.
In June 2018, the mother filed another enforcement petition, alleging that the father advised the mother that she would have to pay for the child's travel expenses with regard to his summer visitation. She further alleged that the father advised her that he would not force the child to participate in the weekly phone call with the mother. The father moved to dismiss the petition, arguing that Family Court lacks jurisdiction because the mother did not contest the registration of the 2016 order in Arizona. The attorney for the child supported the father's motion, arguing that the child and the father have not lived in New York for two years, and all of the witnesses with information on the welfare of the child are located in Arizona. The mother opposed the motion, arguing that New York was the appropriate forum as Family Court was in the best position to interpret and implement its own order. Furthermore, she contended that it was not financially feasible for her to travel to, or retain counsel in, Arizona in order to litigate the matter.
In August 2018, Family Court found that New York was an inconvenient forum. In so finding, the court noted that it was unable to conclude whether Arizona could provide indigent legal representation for the mother. The court stated that it had conferenced with the Superior Court in Maricopa County, Arizona and determined that the Arizona court was familiar with the facts and could decide the issues expeditiously, as there was already a matter pending between the parties in Arizona,[FN1] and most witnesses who could attest to the child's well-being were available in Arizona. Accordingly, Family Court granted respondent's motion and dismissed the petition. The mother appeals.[FN2]
As Family Court acknowledged, it had exclusive continuing jurisdiction over the matter pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (see Domestic Relations Law art 5-A; Matter of Cody RR. v Alana SS., 176 AD3d 1372, 1373 [2019]). However, "[a] court of this state which has jurisdiction under this article . . . may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum" (Domestic Relations Law § 76-f [1]; see Matter of Jamilah DD. v Edwin EE., 152 AD3d 998, 999-1000 [2017]). Although Family Court gave consideration to each of the statutory factors set forth in Domestic Relations Law § 76-f (2), we disagree with the weight the court accorded certain factors and find that it failed to view those factors in light of the sole issue to be decided in this proceeding, namely, whether the father violated the March 2018 order (see Matter of Snow v Elmer, 143 AD3d 1217, 1218 [2016]).
An inconvenient forum determination "depends on the specific issues to be decided in the pending litigation" (Matter of Anthony B. v Priscilla B., 88 AD3d 590 [2011]). This is an enforcement petition, and the sole issue concerns the conduct of the parents vis-À-vis the current order. The vast amount of testimony as to whether the father violated the order, which is central to the issue in this proceeding, will come from the mother, who is located in New York, and any witnesses that she may call. Any testimony from the father can be presented by telephone, audiovisual means or other electronic means. Moreover, Family Court has presided over numerous proceedings between the parties related to this child, including the March 2018 order, which is the subject of the enforcement proceeding. That court is far more familiar with the case than the Arizona court and is in a better position to interpret the meaning of its own order (see Matter of Burdick v Boehm, 148 AD3d 1439, 1441 [2017]; Matter of Snow v Elmer, 143 AD3d at 1219).
Additionally, the mother submitted an affidavit evidencing that she will not be able to travel to or retain counsel in Arizona, yet she has legal representation in New York. Family Court acknowledged her indigency and that it was unable to conclude whether Arizona could provide indigent legal representation to her. In light of the indigency of the mother, making her unable to participate meaningfully in the hearing in Arizona, and the fact that the parties may obtain relevant evidence from Arizona, we conclude that the hearing on the petition, which is limited solely to the issue of enforcement of the mother's established visitation rights, must be held before Family Court (see Matter of Curtis v Curtis, 237 AD2d 984, 984 [1997]). Based on the foregoing, we cannot agree with Family Court's conclusion that New York is an inconvenient forum.
Garry, P.J., Egan Jr., Lynch and Mulvey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, motion denied, and matter remitted to the Family Court of Otsego County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: It is unclear from the record what type of proceeding was/is pending in Arizona.

Footnote 2: The father did not file a brief; instead he joined in the brief filed by the attorney for the child in support of affirming Family Court's decision.