Matter of Coia v Saavedra (2020 NY Slip Op 03325)





Matter of Coia v Saavedra


2020 NY Slip Op 03325


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, TROUTMAN, AND BANNISTER, JJ.


479 CAF 19-00845

[*1]IN THE MATTER OF NICHOLAS COIA, PETITIONER-APPELLANT,
v
MARINA SAAVEDRA, RESPONDENT-RESPONDENT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR PETITIONER-APPELLANT.
MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR RESPONDENT-RESPONDENT.
ELIZABETH deV. MOELLER, ROCHESTER, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Monroe County (Julie Anne Gordon, R.), entered March 29, 2019 in a proceeding pursuant to Family Court Act article 6. The order granted respondent's motion to dismiss the petitions. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by reinstating the petitions, and as modified the order is affirmed without costs and the matter is remitted to Family Court, Monroe County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner father appeals from an order that granted respondent mother's motion seeking to dismiss his petitions for, inter alia, modification of a prior order of custody on the ground that New York is an inconvenient forum under Domestic Relations Law § 76-f. The father filed the petitions after the mother moved to California with the parties' five-year-old child without informing the father, who was incarcerated at the time.
We reject the father's contention that Family Court erred in declining to exercise its jurisdiction in this matter. Under the Uniform Child Custody Jurisdiction and Enforcement Act, a court having jurisdiction to make a child custody determination "may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances" (Domestic Relations Law
§ 76-f [1]). "Before determining whether it is an inconvenient forum, [the] court . . . shall consider whether it is appropriate for a court of another state to exercise jurisdiction" (§ 76-f [2]). In making that determination, the court must consider the following factors: "(a) whether domestic violence or mistreatment or abuse of a child or sibling has occurred and is likely to continue in the future and which state could best protect the parties and the child; (b) the length of time the child has resided outside this state; (c) the distance between the court in this state and the court in the state that would assume jurisdiction; (d) the relative financial circumstances of the parties; (e) any agreement of the parties as to which state should assume jurisdiction; (f) the nature and location of the evidence required to resolve the pending litigation, including testimony of the child; (g) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and (h) the familiarity of the court of each state with the facts and issues in the pending litigation" (id.).
Here, the court impliedly found that California is the more appropriate forum and that New York would be inconvenient. Although the record does not reflect that the court considered each of the factors required by Domestic Relations Law § 76-f (2), we need not remit the matter because the record is sufficient to allow this Court to consider those factors (see Matter of Luis [*2]F.F. v Jessica G., 127 AD3d 496, 497 [1st Dept 2015]; Matter of Sutton v Sutton, 74 AD3d 1838, 1839 [4th Dept 2010]; cf. Matter of Beyer v Hofmann, 161 AD3d 1536, 1537 [4th Dept 2018]), and we likewise conclude that, under the circumstances of this case, California is an appropriate forum and New York is an inconvenient forum.
As the court noted with respect to the first factor, evidence that the father abused the mother in front of the child, that an order of protection had previously been entered against the father in New York for domestic violence, and that the mother moved to California to avoid any further abuse weighs heavily in favor of California being the more appropriate forum to protect the safety of the mother and the child (see Matter of Peiyi Wang v Christensen, 165 AD3d 1269, 1270 [2d Dept 2018]).
With respect to the amount of time the child has resided outside of New York, we note that the father filed the modification petition just two weeks after the mother relocated to California and that "the additional time that it took to dispose of [this] proceeding does not militate in favor of finding that New York is an inconvenient forum" (Matter of Helmeyer v Setzer, 173 AD3d 740, 743 [2d Dept 2019]).
With respect to the distance between the relevant forums and the financial situations of the parties, although California is a great distance from New York, we agree with the court's determination that the greater financial burden that would be placed on the mother by requiring her to travel to New York with the child weighs in favor of finding New York to be an inconvenient forum (see Matter of Renaldo R. v Chanice R., 131 AD3d 885, 886 [1st Dept 2015]). Moreover, we note that either party could appear by telephone, video, or other electronic means (see Cal Rules of Court, Rule 5.9; see also Helmeyer, 173 AD3d at 744; Matter of Snow v Elmer, 143 AD3d 1217, 1219 [3d Dept 2016]).
The location of relevant evidence and, to some extent, the ability of the court in each state to decide matters expeditiously also favor California as the appropriate forum. The majority of the evidence pertaining to the best interests analysis in this custody matter is located in California. Although evidence relating to certain domestic violence incidents is, as noted above, more readily available in New York, most other relevant information regarding the child's best interests, such as her school performance, response to therapy, the indigenous tribe she belongs to, and her relationship with her extended family, is in California (see Clark v Clark, 21 AD3d 1326, 1327 [4th Dept 2005]; see also Matter of Balde v Barry, 108 AD3d 622, 623 [2d Dept 2013]; Matter of Mercado v Frye, 104 AD3d 1340, 1341 [4th Dept 2013], lv denied 21 NY3d 859 [2013]). It does not appear that the child has any connection with New York other than the father and a paternal grandmother. Further, the Attorney for the Child in New York was having trouble providing effective representation to the child inasmuch as it was difficult to communicate with the child by telephone (see generally Matter of Dei v Diew, 56 AD3d 1212, 1212-1213 [4th Dept 2008], lv denied 12 NY3d 703 [2009]).
Regarding the existence of any agreement between the parties, we note that there was no agreement between them that New York would have jurisdiction, let alone any agreement that the mother would stay in New York. The custody order preserved the father's option to refile for modification of custody upon his release from prison but did not specify where he must file. We also conclude that there is no reason that the California courts cannot handle the case expeditiously and that it cannot be said that New York courts are more familiar than the California courts with the facts and issues in this case (see Clark, 21 AD3d at 1328). Although evidence of the father's criminal history is available in New York and the court here is familiar with the parties and the allegations of domestic violence due to the prior custody order, the circumstances have changed sufficiently that it would not be of more value to have New York rather than California hear the case (see Luis F.F., 127 AD3d at 497).
Thus, weighing all of the factors, we conclude that California is the more appropriate forum for resolving the underlying custody dispute, and the record supports a determination that New York is an inconvenient forum (see Matter of Swain v Vogt, 206 AD2d 703, 704-705 [3d Dept 1994]).
We agree with the father, however, that the court erred in dismissing the father's petitions instead of staying the proceedings pending the commencement of proceedings in California (see [*3]Domestic Relations Law § 76-f [3]; Matter of McCarthy v Brittingham-Bank, 117 AD3d 1060, 1061 [2d Dept 2014]; see also Renaldo R., 131 AD3d at 886). We therefore modify the order by reinstating the petitions, and we remit the matter to Family Court for further proceedings pursuant to Domestic Relations Law § 76-f (3), including the entry of an order staying the proceedings upon the condition that a child custody
proceeding be promptly commenced in California.
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court