■ In the Matter of the Guardianship of MARILYN S. and Others, Infants. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant. [649 NYS2d 671] —Order, Family Court, Bronx County (Marjory Fields, J.), entered September 12, 1995,

which denied petitioner's application pursuant to CPLR 5015 (a) to vacate an order of the same court, dated June 19, 1995, which dismissed three petitions seeking termination of the parental rights of the parents of the subject children for failure to perfect service upon the children's parents in a timely manner, unanimously reversed, on the law, the petitions reinstated and the matter remanded for further proceedings, without costs.

The petitioner correctly asserts that it was error to apply CPLR 306-b to these proceedings and that, instead, the pertinent provisions of the Social Services Law and the Family Court Act were applicable. CPLR provisions apply to Family Court only where "the method of procedure" is not prescribed by the Family Court Act in which case the provisions of the CPLR "shall apply to the extent that they are appropriate to the proceedings involved." (Family Ct Act § 165 [a])

Social Services Law § 384-b (3) (e) expressly provides that where, as here, a termination proceeding is initiated in Family Court, service of the petition and other process shall be made pursuant to Family Court Act § 617. Moreover, the significant difference in policy objectives and legislative intent between CPLR 306-b and the relevant Social Services Law and Family Court Act provisions strongly argues in favor of the applicability of the latter. The flexibility and discretion in Family Court Act § 617 as to service of process accommodates the vagaries of custody termination proceedings seeking to free children for adoption and decrease the time spent in foster care, whereas the CPLR provision mandates dismissals in accordance with a rigid time frame as a means of generating revenues from cases requiring purchase of an index number in the Supreme or County Courts (Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C306-b:3, 1996 Pocket Part, at 86). Thus CPLR 306-b is not "appropriate to the proceedings involved" (Family Ct Act § 165 [a]). Its rigid approach to service of process would frustrate this goal, considering that these proceedings often involve parents who have abandoned their children and disappeared. In this case, for example, diligent efforts were made to locate and serve the three absent parents within a reasonable time.

The Family Court's error in resorting to CPLR 306-b was compounded by dismissing the petitions "with prejudice". Aside from ignoring CPLR 306-b's explicit language that dismissals for failure to provide proof of service within 120 days are "without prejudice" (CPLR 306-b [a]), a dismissal with prejudice in a termination proceeding would arguably have the

clearly undesirable effect of forcing children to remain in foster care until they reach the age of majority, since the petitioner would be precluded from refiling a termination petition. Concur—Murphy, P. J., Sullivan, Rubin, Ross and Williams, JJ.