■ In the Matter of BEVERLY R. CHASE, Appellant, v GERALD E. REOME, Respondent. [734 NYS2d 911] —Rose, J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered December 22, 2000, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' child.

Petitioner had custody of the parties' daughter from her birth in February 1984 until temporary custody was awarded to respondent in January 1998. The child then turned 16 and left respondent's home to reside with an unrelated family, where she remains. Petitioner initiated this proceeding in 2000 to regain custody following the expiration of respondent's temporary custody order. Following a hearing at which only petitioner testified, Family Court dismissed her petition based on the child's age and preference not to reside with petitioner. Petitioner appeals, arguing that the child's preference is only one of several factors to be considered in determining the best interest of the child, and that there is no factual basis for Family Court's finding that mental and emotional harm would result if petitioner were granted custody.

When Family Court's factual findings have a sound and substantial basis in the record, we will afford them great deference (*see, e.g., Matter of Nathaniel TT. [Leonard UU.]*, 265 AD2d 611, 614, *lv denied* 94 NY2d 757). Here, petitioner's own testimony indicates that the child and petitioner have serious difficulties in their relationship, that she and the child have had physical altercations in the past and that she has brought criminal charges against the child as a result. As to the child's wishes, the Law Guardian communicated her client's clear preference not to be placed in petitioner's custody. While it is generally preferable for the court to hold an in camera interview with the child, the failure to do so here is inconsequential for petitioner admits that the child unequivocally rejected petitioner's recent invitation to live with her (*see, Walker v Tallman*, 256 AD2d 1021, 1022, *lv denied* 93 NY2d 804). Since the child is now nearly 18 years of age and a change in custody would mean a change in school district during the child's senior year, we find that the record amply supports Family Court's assessment of the child's best interest (*see, Matter of Benitez v Llano*, 39 NY2d 758, 758-759; *Meyer v Rudinger*, 285 AD2d 714, 716).

Finally, we find no merit in petitioner's contention that she was denied the effective assistance of counsel.

Cardona, P. J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.