■ THERESA A. NELSON, Respondent, v CHRISTOPHER L. NELSON, Appellant. [736 NYS2d 532] —Crew III, J.P. Appeals (1) from a judgment of the Supreme Court (Canfield, J.) ordering, inter alia, equitable distribution of the parties' marital property, entered December 22, 1999 in Rensselaer County, upon a decision of the court, and (2) from an order of said court, entered September 21, 2000 in Rensselaer County, which, inter alia, denied defendant's motion to modify the judgment of divorce.

The parties were married in 1987 and have two daughters, born in 1991 and 1994. In July 1998, plaintiff commenced this action for divorce upon the ground of cruel and inhuman treatment, and defendant counterclaimed for such relief upon the ground of abandonment. During the course of the ensuing trial and pursuant to a stipulation between the parties, plaintiff withdrew her complaint and Supreme Court granted defendant a divorce. The trial then continued as to issues of custody, visitation, support and equitable distribution. By judgment entered December 22, 1999, Supreme Court, inter alia, awarded plaintiff sole legal and primary physical custody of the parties' minor children, granted liberal visitation to defendant and directed defendant to pay maintenance and child support. Additionally, and in response to specific concerns raised at trial, defendant was directed to "wear some form of shorts, pajama bottoms, or other form of non-revealing clothing covering his genitalia and lower torso whenever in the presence of his daughters, whether waking or sleeping."

Upon cross motions of the parties, Supreme Court thereafter

modified defendant's visitation schedule, granting defendant visitation with his daughters on Wednesday evenings from 5:00 P.M. to 8:00 P.M. and alternate weekends.* Additional motions ensued, with defendant seeking to modify the provisions of the judgment of divorce relating to custody, visitation and support, and plaintiff seeking an order requiring defendant to pay his required support, maintenance and arrears to the Rensselaer County Support Collection Unit. By order entered September 21, 2000, Supreme Court denied defendant's motion and granted plaintiff's cross motion, prompting these appeals.

The numerous arguments raised by defendant on appeal do not warrant extended discussion. To the extent that any discrepancies exist between the language utilized in Supreme Court's April 1999 decision and order made following trial and the judgment of divorce ultimately entered, we deem such discrepancies to be inconsequential. The crux of Supreme Court's findings as to custody and visitation are both clear and, for the reasons that follow, fully supported by the record. Accordingly, we decline to disturb the underlying judgment on this basis.

As to Supreme Court's decision to award sole legal and primary physical custody to plaintiff, our review of the record discloses ample support for this determination. It is well settled that joint custody, particularly with alternating physical custody (as originally proposed by defendant), is appropriate only where the parties have demonstrated an ability to set aside their personal differences for the benefit and welfare of their children (see, Matter of Ebel v Urlich, 273 AD2d 530, 531). Such is not the case here. The record extensively documents the parties' poor history of communication and, in particular, highlights defendant's misguided belief that e-mail is the most effective means of communicating with plaintiff and his marked inability to entertain a viewpoint other than his own. In short, the antagonistic atmosphere existing between plaintiff and defendant precludes an award of joint custody.

Equally unpersuasive is defendant's assertion that Supreme Court's custody determination violates certain of his constitutional rights. As for defendant's claim that Supreme Court's directive that he wear some sort of pants or shorts while his

---

* This modification was occasioned by a change in defendant's work schedule. Previously, defendant was able to spend three hours each weekday afternoon with the children. When his work schedule no longer permitted this, he unilaterally decided that the underlying judgment permitted him to spend three hours each weeknight with the children which, needless to say, was unacceptable to plaintiff.

daughters are visiting violates his right to privacy or, more to the point, his "right" to sleep or appear in the nude in his home, the record reveals that defendant was advised by a psychologist as early as October 1998 that his practices of "family nudity" and the "family bed" were inappropriate. Despite this admonition, defendant still was sleeping in the nude as of the time of trial at the end of March 1999, and he testified that it was not uncommon for his daughters, then eight years old and almost five years old, to join him in bed during the middle of the night. In our view, whatever privacy issues potentially might be implicated here must yield to Supreme Court's authority to impose reasonable restrictions upon defendant's visitation that are consistent with the children's overall best interests. We reach a similar conclusion regarding Supreme Court's directive that defendant return the children to plaintiff on the weekends when he has visitation for the purpose of plaintiff taking the children to church services and religious instruction. Permitting plaintiff to take the children to services in the faith in which they were baptized and she was raised does not impermissibly interfere with defendant's own religious practices (see, Colley v Colley, 200 AD2d 839, 840).

We also find no merit to defendant's claim that Supreme Court erred in awarding plaintiff $3,500 in counsel fees following trial and an additional $400 in counsel fees following defendant's attempt to modify the judgment of divorce. An award of reasonable counsel fees in the context of a matrimonial action is a matter committed to the sound discretion of the trial court (see, Strang v Strang, 222 AD2d 975, 979). Based upon our review of the record as a whole and taking into account all relevant factors, including the disparity in the parties' respective incomes and what Supreme Court aptly described as defendant's meritless motion practice, we perceive no abuse of the court's discretion as to the subject awards. Defendant's remaining contentions, including his challenge to the awards of maintenance and child support and the denial of his application to modify the judgment of divorce, have been examined and found to be lacking in merit.

Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment and order are affirmed, without costs.