■ In the Matter of MICHELLE R. HARPER, Respondent, v HERMAN B. JONES, Appellant. [740 NYS2d 460] —Mercure, J.P. Appeal from an amended order of the Family Court of Tioga County (Argetsinger, J.), entered May 31, 2000, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, to modify a prior order of custody.

The parties, who never married or lived together, are the parents of a daughter, Marguerite, who was born in 1995. A 1996 order of Family Court, which was based on the parties' stipulation, awarded the parties joint custody of Marguerite, with physical custody to petitioner, and granted respondent

visitation overnight from Wednesday to Thursday every week, on alternate weekends, for various holiday times and for part of the summer. The parties' relationship began to deteriorate in 1999, however, and petitioner filed petitions for a modification of the visitation schedule and alleging respondent's commission of family offenses. Respondent in turn filed petitions alleging the violation of his visitation rights and for modification of the 1996 custody order. After a hearing conducted on those petitions, as well as three more violation petitions that petitioner filed during the pendency of the proceeding, Family Court awarded petitioner sole custody of Marguerite, made minor adjustments to the visitation schedule, and dismissed all of the family offense and violation petitions. Respondent appeals, contending only that Family Court erred in its award of custody. We disagree, and accordingly affirm.

"Where a voluntary agreement of joint custody is entered into, it will not be set aside unless there is a sufficient change in circumstances * * * and unless the modification of the custody agreement is in the best interests of the [child] * * *" (*Matter of Gaudette v Gaudette*, 262 AD2d 804, 805, *lv denied* 94 NY2d 790 [citation omitted]; *see, Matter of Carpenter v La May*, 241 AD2d 625, 626). "[A] sufficient change of circumstances can be established where * * * the relationship between joint custodial parents deteriorates 'to the point where they simply cannot work together in a cooperative fashion for the good of their children'" (*Ulmer v Ulmer*, 254 AD2d 541, 542, quoting *Matter of Jemmott v Jemmott*, 249 AD2d 838, 839, *lv denied* 92 NY2d 809; *see, Matter of Taber v Taylor*, 238 AD2d 696, 697; *Matter of Fedash v Neilsen*, 211 AD2d 1003). In this case, the record reveals that as of the time of the hearing, the parties' relationship had deteriorated to the point where there could be no meaningful communication between them. The many petitions each filed against the other and an order of protection issued against respondent in September 1999 had the effect of replacing cooperation with spitefulness (*see, Matter of Gaudette v Gaudette, supra* at 805). Under the circumstances, there is little evidence on which to base a finding that the parties could communicate in a harmonious and reasonable fashion and accept joint responsibility for decision making with respect to the child (*see, Matter of Yetter v Jones*, 272 AD2d 654, 656).

Nor are we persuaded that Family Court's grant of sole custody to petitioner was against the weight of the evidence. The evidence showed both parties to be capable, loving and caring parents. Forced to choose between them, however, Fam-

ily Court was entitled to consider that an award of sole custody in favor of petitioner would be far less disruptive than an award of custody to respondent, would permit Marguerite to continue living with the parent who had cared for her from birth and with her sister, with whom she had a close relationship, and to remain in close proximity to many relatives, including her grandmother, great aunt, cousins and uncles. Under the circumstances, we conclude that Family Court's custody determination, which was in accord with the position taken by the Law Guardian, was in Marguerite's best interest (*see, Eschbach v Eschbach,* 56 NY2d 167, 171). Respondent's remaining contentions have been considered and found to be unavailing.

Crew III, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the amended order is affirmed, without costs.