■ In the Matter of VAN WESLEY CHURCH, Appellant, v PATRICIA A. CHURCH, Respondent. [740 NYS2d 895] —Lahtinen, J. Appeal from an order of the Family Court of Saratoga County (Abramson, J.), entered January 23, 2001, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for, inter alia, modification of a prior order of visitation.

Petitioner[1] and respondent are the parents of a child born in July 1990. In May 2000, as a result of a visitation petition filed by petitioner, Family Court entered an order permitting, inter alia, petitioner to write to the child two times a month and to send the child holiday and birthday cards and gifts, all of which were to be sent to respondent's attorney and monitored by respondent. In November 2000, petitioner filed a petition alleging that respondent had willfully violated the order by not forwarding any letters, cards or gifts to the child. He also alleged that the order was "restrictive and without basis."

Petitioner appeared pro se at the initial appearance on the petition. The only other party present was the Law Guardian, who indicated to Family Court that respondent had not been served and orally moved to dismiss the petition. Family Court dismissed the petition without a hearing and with prejudice. Petitioner appeals.

Petitioner contends that Family Court erred by dismissing the petition without a hearing. There is no proof in the record that respondent was served with the petition prior to or at the initial appearance (*see*, Family Ct Act § 154-a; *see, e.g., Matter*

---

1. Petitioner is an inmate in a State correctional facility serving a sentence for a sex offense.

*of Monteleone v Kick*, 142 AD2d 964, 965).[2] Thus, under the circumstances presented, we find no error in Family Court's dismissal of the petition for lack of jurisdiction over respondent, who was not afforded notice or an opportunity to be heard. On this record, however, we find that Family Court's dismissal of the petition should have been without prejudice (*see, e.g., Matter of Rogowski v Rogowski*, 251 AD2d 827, 828; *Matter of Marilyn S.*, 233 AD2d 155, 156).

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the facts, without costs, by reversing so much thereof as dismissed the petition with prejudice; petition dismissed without prejudice; and, as so modified, affirmed.

2. The record does not contain any proof of service of the summons and/or the petition on respondent and petitioner presented nothing to contradict the Law Guardian's assertion that respondent had not been served. We also note that the summons and petition list respondent's address as her former attorney's office, but there is no proof that this attorney was designated by respondent as her agent for service (*see, Broman v Stern*, 172 AD2d 475, 476).