■ CHRISTOPHER A. BARNEY, Appellant, v ANN M. BARNEY, Respondent. [754 NYS2d 108] —Lahtinen, J. Appeal from an order of the Supreme Court (Dawson, J.), entered February 15, 2002 in Essex County, which, inter alia, granted defendant primary physical custody of the parties' child.

---

* Although the Board's decision is not part of the record, we take judicial notice of it (*see Demisay v Whalen*, 59 AD2d 444, 448).

Plaintiff and defendant were married in 1985 and are the parents of one child, Ashley, who was born in February 1987. In May 2001, the parties separated and, shortly thereafter, plaintiff commenced an action for divorce. Following their separation, both parties continued residing in the Village of Lake Placid, Essex County, until September 2001, when defendant moved approximately 130 miles to Montgomery, Vermont. Ashley had lived with her mother since the parties' separation and moved with her to Vermont. The parties were unable to agree to terms of custody and visitation and, thus, Supreme Court entered a temporary order in November 2001 and conducted a trial regarding such issues in January 2002. The parties stipulated at trial that Ashley, who was nearly 15 years old, should be interviewed by the court in camera. Following the trial and the in camera interview, Supreme Court awarded custody to defendant and set forth visitation with plaintiff in Lake Placid that included, inter alia, two weekends per month, the month of August and various school vacations. The order further provided that defendant make, at her own expense, all transportation arrangements for visitation. Plaintiff appeals.

The paramount consideration in determining custody is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171; *Matter of Youngok Lim v Sangbom Lyi*, 299 AD2d 763, 764). This crucial consideration is not tied to a routine analysis but, recognizing the uniqueness of each case, looks to the totality of the circumstances, including factors such as the child's age, the quality of each parent's home environment, the parents' relative fitness, the ability of each parent to provide for the intellectual and emotional development of the child, and the effect of the custody award on the child's relationship with the noncustodial parent (*see Matter of Strempler v Savell*, 287 AD2d 827, 827; *Matter of Storch v Storch*, 282 AD2d 845, 846, *lv denied* 96 NY2d 718; *Osborne v Osborne*, 266 AD2d 765, 765). Where, as here, one parent moves prior to a custody determination, the effect of the move is certainly a factor in the best interests analysis (*see Furman v Furman*, 298 AD2d 627, 628-629; *Matter of Siler v Siler*, 293 AD2d 826, 827-828, *appeal dismissed* 98 NY2d 691; *Rolls v Rolls*, 243 AD2d 906, 907). Recognizing the "advantageous position of the trial court to weigh and assess the credibility of the witnesses," we afford deference to that court's determination regarding custody provided it "promotes the child's best interest and is supported by a sound and substantial basis in the record" (*Furman v Furman, supra* at 628; *see Matter of Chase v Reome*, 289 AD2d 894, 895).

The evidence found credible by Supreme Court, including the

in camera interview, revealed that Ashley was more closely bonded to her mother. Additionally, the Law Guardian related that the child had communicated a preference of residing with her mother. Although Ashley had resided in Lake Placid all of her life before September 2001, there was evidence that she was happy living in Vermont and the move had, in fact, resulted in academic and social improvements for her. To minimize the impact of the move on plaintiff's visitation, the court required defendant to transport the child to Lake Placid for all visitation. We note that, while the Law Guardian proposed joint custody with primary residence with defendant, there was ample evidence of the parties' inability to cooperate to justify Supreme Court's decision not to award joint custody (*see Nelson v Nelson*, 290 AD2d 826, 827). The evidence failed to establish an apparent advantage to either party regarding the home environment they would provide to Ashley. Supreme Court was troubled by the excuses offered by defendant for failing to strictly adhere to its temporary visitation order, but the court also noted that, on at least one occasion, plaintiff failed to exhibit diligence regarding visitation. In its order, the court stressed that it would not countenance any future conduct by defendant that frustrated plaintiff's visitation rights. Despite the limited proof submitted by the parties, Supreme Court set forth a thorough and well-reasoned determination that addressed the many issues raised and that discussed the best interests of the child. Such determination has a sound and substantial basis in the record and, hence, we are unpersuaded that the order should be disturbed.

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the order is affirmed, without costs.