Denise J. Slater-Mau, Respondent, v William C. Mau, Appellant. [772 NYS2d 134]—

Carpinello, J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered August 29, 2002 in Schenectady County, which, inter alia, granted plaintiff's motion to modify the custody and support provisions of a prior judgment of divorce.

The parties, the parents of three children, William (born in 1985), Alexander (born in 1990) and Eric (born in 1991), were divorced in July 1999. Under the terms of a stipulation of settlement that was incorporated but not merged with the judgment of divorce, the parties agreed to joint legal and physical custody of the two younger children, with defendant to have legal and primary physical custody of William. In the fall of 1999, however, William took up residence with plaintiff, who then sought physical custody of all three children and a concomitant child support award. After several years of interim proceedings, including several contempt motions by defendant alleging plaintiff's failure to comply with terms of the divorce judgment, hearings were held in February and March 2002 on the parties' various claims. Supreme Court ultimately found that William's move constituted a change in circumstances sufficient to support a change in custody, awarded plaintiff primary physical custody of all three children, determined defendant's child support obligation and held plaintiff in contempt for failing to comply with the children exchange provisions of the judgment of divorce. Defendant appeals.

Preliminarily, we note that issues regarding the custody of William have been rendered moot because he reached the age of 18 during the pendency of this appeal (see *Matter of Carnese v Wiegert*, 273 AD2d 554, 556 [2000]; *Glazer v Glazer*, 190 AD2d 951, 954 [1993]). As such, the primary issue before us is the propriety of Supreme Court's award of physical custody of the two younger children to plaintiff. The paramount consideration in such a determination is the best interests of the children, which must be based upon a weighing of all relevant factors (see *Eschbach v Eschbach*, 56 NY2d 167, 171-173 [1982]; *Barney v Barney*, 301 AD2d 950, 951 [2003]). Because a trial court is best positioned to assess the credibility of witnesses and make the requisite factual determinations, we typically defer to a trial court's custody award so long as it has a sound and substantial basis in the record (see *Barney v Barney, supra* at 951; *Furman v Furman*, 298 AD2d 627, 628 [2002], *lv dismissed and denied* 99 NY2d 575 [2003]).

It is clear from the record that the parties' original shared custody arrangement for the two younger children remained in place throughout the lengthy proceedings, with the children residing with each parent for three to four days each week. Supreme Court's decision, however, erroneously recites that these children resided principally with plaintiff and characterized the custody dispute as revolving around William. In making its determination to award primary custody of all three children to plaintiff, Supreme Court appears to proceed on the assumption that it was maintaining the status quo as regards the two younger children. Instead, Supreme Court's order stripped defendant of shared physical custody of the children and, in fact, did not make provisions for visitation. Because Supreme Court misapprehended the existing custody arrangement, we are unable to conclude that it engaged in the requisite best interest analysis before ordering a change in custody that, in any event, lacks a sound and substantial basis in the record. Accordingly, we reverse this custody determination, and the accompanying child support award, and remit the matter for further evidentiary hearings and a de novo determination regarding change in circumstances and, if found, the best interests of the children, especially in light of the considerable lapse of time since the determination appealed from.

Mercure, J.P., Crew III, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as determined child custody and child support; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision,

and, pending further order of the Supreme Court, the order appealed from shall remain in effect as a temporary order; and, as so modified, affirmed.