◼ In the Matter of SHERI L. WHITLEY, Appellant, v JON H. LEONARD, Respondent. (And Two Other Related proceedings.) [772 NYS2d 620]—

Rose, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered November 12, 2002, which, inter alia, granted respondent's application, in three proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner and respondent are the mother and father, respectively, of a son born in 1990. After they stipulated to a Family Court order granting joint legal custody with the mother having physical custody of the child and the father having regular visitation, including alternate weekends, the mother petitioned Family Court alleging that the father had violated the order's visitation provisions. The father then filed a petition alleging that the mother had violated the order and seeking sole custody. He then received temporary sole custody of the child. After a full hearing and based on a finding that the mother had intentionally alienated the child from the father, Family Court granted his petition, awarding him sole custody of the child and regular visitation to the mother. The mother appeals.

Although the mother does not challenge Family Court's finding that a change in the earlier joint custody arrangement is necessary because of the parties' inability to meaningfully communicate regarding the child's welfare (see e.g. Matter of Murray v McLean, 304 AD2d 899, 900 [2003]; Matter of Harper v Jones, 292 AD2d 649, 650 [2002]), she does argue that many of the court's other findings, including its conclusion that she alienated the child from the father, have no record support. Upon our review of the record, however, we find that Family Court's decision has a sound and substantial basis and should not be disturbed.

Family Court primarily based its determination to change custody upon findings of fact supported by the mother's own admissions and the testimony of other witnesses. This evidence showed that, among other things, the mother encouraged the child to negotiate changes in visitation directly with the father, denied him an opportunity for visitation while she was away on vacation, failed to communicate with him concerning the child's

problems at school, discussed court proceedings with the child and promised the child that he would be returned to her custody. While the mother offered explanations for, or conflicting versions of, these occurrences, the testimony that Family Court chose to credit supports its findings on the difficult issue of whether the child's alienation from the father was the result of the mother's intentional acts. Finding a pattern of parental alienation, Family Court appropriately discounted the child's expressed preferences and directed a new custody arrangement that would repair and enhance the child's relationship with his father while continuing regular contact with his mother.

Further, we are not persuaded by the mother's contention that the Law Guardian breached her duty to the child by advocating a custody disposition contrary to the child's wishes. It is well settled that a "Law Guardian has [a] statutorily directed responsibility to represent [a] child's wishes as well as to advocate the child's best interest" (*Matter of Carballeira v Shumway*, 273 AD2d 753, 755 [2000], *lv denied* 95 NY2d 764 [2000]; *see* Family Ct Act § 241). Contrary to the mother's claim, the Law Guardian properly communicated to Family Court the child's desire to live with the mother and conscientiously explained why she was nonetheless advocating a change in custody. The court also had the opportunity to speak with the child at the *Lincoln* hearing.

Finally, we reject the mother's argument that she received ineffective assistance of counsel. Since Family Court's custody award was based largely on the mother's own testimony, she has not demonstrated any actual prejudice as a result of the claimed deficiencies (*see Matter of Thompson v Jones*, 253 AD2d 989, 990 [1998]; *Matter of Dingman v Purdy*, 221 AD2d 817, 818 [1995]). In any event, her counsel provided meaningful and competent representation through the calling of witnesses, vigorous cross-examination, appropriate objections and submission of proposed findings of fact following the hearing (*see Matter of Thompson v Gibeault*, 305 AD2d 873, 875 [2003]; *Matter of Grenier v Allen*, 296 AD2d 619, 620 [2002], *lv denied* 98 NY2d 615 [2002]).

Cardona, P.J., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.