■ ALBERT W. GRANDIN, Respondent, v VICKI GRANDIN, Appellant. JEFFREY E. McMORRIS, as Law Guardian, Appellant. [778 NYS2d 196]—

Peters, J. Appeal from an order of the Supreme Court (Scarano, Jr., J.), entered May 15, 2003 in Saratoga County, which granted plaintiff's cross motion to modify a judgment of divorce.

The parties, divorced in 1999, have one son, born in 1987. Pursuant to a stipulation of settlement incorporated by refer-

---

ence into a judgment of divorce, the parties shared joint legal and physical custody of the child on an alternating week basis. In August 2002, the child wrote a letter to defendant's counsel requesting a change in his physical custody. Thereafter, defendant moved for an order modifying the judgment of divorce to grant her sole custody; plaintiff cross-moved for the same relief. Supreme Court issued a temporary order awarding sole custody to defendant with alternate weekend and midweek overnight visitation to plaintiff. The parties were further ordered to obtain an updated evaluation by a court-appointed psychologist.

At trial, numerous witnesses testified, including defendant, plaintiff, plaintiff's wife and the court-appointed psychologist; the child testified in a *Lincoln* hearing. The psychologist recommended that the existing joint custody arrangement be continued and the Law Guardian agreed, notwithstanding the child's wishes to the contrary. Supreme Court found a sufficient change in circumstances and granted sole custody to plaintiff. Defendant and the child appeal.

It is well settled that "[w]here a voluntary agreement of joint custody is entered into, it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the child[ ]" (*Matter of Gaudette v Gaudette*, 262 AD2d 804, 805 [1999], *lv denied* 94 NY2d 790 [1999]; *see Matter of Rosario WW. v Ellen WW.*, 309 AD2d 984, 985-986 [2003]; *Matter of Harper v Jones*, 292 AD2d 649, 650 [2002]). Where, as here, there is a deterioration in the relationship between joint custodial parents, a sufficient change in circumstances may be found (*see Matter of Harper v Jones, supra* at 650; *Matter of Gaudette v Gaudette, supra* at 805).

Defendant does not contest that there has been an elevated level of hostility since their settlement. The record amply demonstrates that defendant regards plaintiff as confrontational, avoiding direct contact with him even on occasions when she has taken the child to the emergency room for care; testimony of the psychologist confirmed defendant's open dislike for plaintiff's wife. Recognizing the unique position of Family Court to assess the credibility of witnesses before it and make the requisite factual determinations and that "joint custody, particularly with alternating physical custody . . ., is appropriate only where the parties have demonstrated an ability to set aside their personal differences for the benefit and welfare of their children" (*Nelson v Nelson*, 290 AD2d 826, 827 [2002]), we find sufficient evidence to support Supreme Court's determination that there was a change in circumstances to war-

rant a modification of the existing custody arrangement (see *Slater-Mau v Mau*, 4 AD3d 658, 659 [2004]; *Barney v Barney*, 301 AD2d 950, 951 [2003]).

We next consider whether a modification of the prior custody arrangement was in the child's best interest. This determination must be grounded upon Family Court's appropriate weighing of all relevant factors (see *Eschbach v Eschbach*, 56 NY2d 167, 171-173 [1982]; *Barney v Barney, supra* at 951). Supreme Court relied heavily upon the testimony of the psychologist regarding the enmeshed relationship between defendant and her son and the impact that it would have upon his future development. Yet the record also revealed glaring deficiencies in plaintiff's relationship with the child—plaintiff seemed wholly unaware of his son's need to spend more one-on-one time with him and obviously condoned the controlling environment created by his new wife and the rules of the household appeared to be almost uniform for children between the ages of 7 and 16. Such rules, while appropriate for plaintiff's stepchildren who are younger than the child, evince a total lack of consideration of his developmental need for increasing trust and independence.

We must, however, defer to the findings and credibility assessments of Supreme Court unless they lack sound and substantial record support (see *Matter of McGivney v Wright*, 298 AD2d 642, 643 [2002], *lv denied* 99 NY2d 508 [2003]). While significant evidence supports the relief requested by defendant and the child, the court's determination is grounded upon adequate record support. Therefore, there is no viable basis upon which we can disturb the determination rendered; the child's preference is not determinative (see *Eschbach v Eschbach, supra* at 173; *Matter of Whitley v Leonard*, 5 AD3d 825, 827 [2004]; *Matter of Yetter v Jones*, 272 AD2d 654, 656 [2000]). Finally, despite the child's dissatisfaction with his Law Guardian, we find that his desires were properly communicated to the court and there was no breach of any duty (see *Matter of Whitley v Leonard, supra* at 827).

Cardona, P.J., Mercure, Crew III and Kane, JJ., concur. Ordered that the order is affirmed, without costs.