■ In the Matter of MICHAEL F., JR., an Infant. ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NANCY N. et al., Appellants. [791 NYS2d 763]—

Appeal from an order of the Family Court, Onondaga County (Bryan Hedges, J.), entered September 19, 2003 pursuant to Social Services Law § 384-b. The order terminated respondents' parental rights.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to the contention of respondents, Family Court properly terminated their parental rights with respect to their child on the ground that they are "presently and for the foreseeable future unable, by reason of . . . mental retardation, to provide proper and adequate care" for their child (Social Services Law § 384-b [4] [c]). Petitioner established by clear and convincing evidence that both respondents suffer from "subaverage intellectual functioning which originate[d] during the developmental period and is associated with impairment in adaptive behavior to such an extent that if [their] child were placed in . . . the custody of [respondents], the child would be in danger of becoming a neglected child" (§ 384-b [6] [b]; see § 384-b [3] [g]; Matter of Daniel C.S., 4 AD3d 854, 855 [2004], lv denied 2 NY3d 704, 706 [2004]). Contrary to the contention of respondent father, petitioner was not required to establish that it made diligent efforts to strengthen and encourage his relationship with his child inasmuch as the termination of parental rights was sought based on mental retardation (see Matter of Michael D., 306 AD2d 938 [2003]; Matter of Harry K., 270 AD2d 928 [2000]). Contrary to the contention of respondent mother, she was not denied effective assistance of counsel when her attorney declined the court's offer to dismiss the petition upon petitioner's request for an adjournment. Dismissal of the petition necessarily would have been without prejudice and thus merely would have delayed resolution of the child's status. "[A] dismissal with prejudice in a termination proceeding would . . . have the clearly undesirable effect of forcing children to remain in foster care until they reach the age of majority, since the petitioner would be precluded from refiling a termination petition" (Matter of Marilyn S., 233 AD2d 155, 156-157 [1996]). Under the circumstances of this case, we conclude that respondent mother received meaningful representation (see Matter of Tylena S. v Darin J., 4 AD3d 568, 570 [2004], lv dismissed 2 NY3d 759 [2004]; Matter of Amanda L., 302 AD2d 1004 [2003]; see generally People v Baldi, 54 NY2d 137, 147 [1981]). Present—Hurlbutt, J.P., Smith, Pine, Lawton and Hayes, JJ.