In the Matter of Troy J. Westfall, Respondent, v Jennifer Westfall, Now Known as Jennifer Knuth, Appellant. [813 NYS2d 623]—

Appeal from an order of the Family Court, Cattaraugus County (Lynn L. Hartley, J.H.O.), entered August 31, 2004 in a proceeding pursuant to Family Court Act article 6. The order granted custody of the parties' child to petitioner with supervised visitation to respondent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly granted custody of the parties' child to petitioner father, with supervised visitation to

respondent mother. The parties had stipulated in 2001 that respondent would have custody of the child, but in August 2002 the court granted temporary custody of the child to petitioner with supervised visitation to respondent when respondent was hospitalized for mental illness. Contrary to respondent's contention, we conclude that the court properly made its temporary order permanent. The record establishes that respondent has a history of mental illness and depression for which she is reluctant to seek treatment, and the record further establishes that the parties' child was negatively affected by respondent's behavior and has thrived in petitioner's custody. Both the court-appointed psychologist and the Law Guardian recommended that the custody and supervised visitation arrangement in the temporary order be made permanent. "The court's determination that the best interests of the child are served by awarding [petitioner] sole custody [with supervised visitation to respondent] is entitled to great deference (see, Eschbach v Eschbach, 56 NY2d 167, 173) and will not be disturbed where, as here, it has a sound and substantial basis in the record" (Matter of Thayer v Ennis, 292 AD2d 824, 825 [2002]).

Contrary to respondent's further contention, the record establishes that the parties stipulated that the matter would be heard by a judicial hearing officer. The stipulation, which is signed by the Law Guardian and the attorneys for the parties, is attached to the statement submitted by the Law Guardian on appeal. Because that stipulation was before Family Court, it is properly a part of the record on appeal (see Lavi v Hamedani, 234 AD2d 428 [1996]). Finally, we reject the contention of respondent that she received ineffective assistance of counsel (see generally Matter of Whitley v Leonard, 5 AD3d 825, 827 [2004]). Present—Pigott, Jr., P.J., Scudder, Kehoe, Pine and Hayes, JJ.