In the Matter of ADAM R., an Infant. CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SYLVIA P., Appellant. [841 NYS2d 913]—Appeal from an order of the Family Court, Cattaraugus County (Paul B. Kelly, J.H.O.), entered

March 20, 2006 in a proceeding pursuant to Social Services Law § 384-b. The order terminated respondent's parental rights.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly terminated respondent's parental rights pursuant to Social Services Law § 384-b (4) (c) on the ground of mental retardation. Contrary to the contention of respondent, petitioner established by clear and convincing evidence that she is "presently and for the foreseeable future unable, by reason of . . . mental retardation, to provide proper and adequate care for [her] child" (*id.*; *see* § 384-b [6] [b]; *Matter of Michael F.*, 16 AD3d 1116 [2005]; *Matter of Michael D.*, 306 AD2d 938 [2003]). We reject respondent's further contention that the court erred in failing to conduct a dispositional hearing (*see Matter of Christine Marie R.* [appeal No. 1], 302 AD2d 992 [2003], *lv denied* 100 NY2d 503 [2003]; *see also Matter of Harry K.*, 270 AD2d 928 [2000]; *see generally Matter of Joyce T.*, 65 NY2d 39, 49 [1985]). We also reject the contention of respondent that, because she did not sign the stipulation consenting to the referral of the matter to a judicial hearing officer, the proceeding was jurisdictionally defective. The record establishes that respondent's attorney signed the stipulation, and thus the requirements of CPLR 4317 (a) were satisfied (*see Matter of Lynette YY. [Holly]*, 299 AD2d 753 [2002]; *see also Matter of Westfall v Westfall*, 28 AD3d 1229 [2006], *lv denied* 7 NY3d 706 [2006]). We conclude, based upon our review of the record, that respondent received meaningful representation (*see Michael F.*, 16 AD3d 1116 [2005]; *see also Westfall*, 28 AD3d 1229 [2006]). We have considered respondent's remaining contention and conclude that it is without merit. Present—Gorski, J.P., Smith, Centra, Fahey and Green, JJ.