Order, Family Court, Bronx County (Sue Levy, Ref.), entered on or about April 9, 2007, which, in a proceeding pursuant to article 6 of the Family Court Act, dismissed the petition for modification of a prior order of visitation without prejudice, unanimously affirmed, without costs.
Dismissal of the petition without prejudice due to petitioner’s nonappearance at the scheduled hearing was appropriate. Although the incarcerated petitioner argues that his failure to appear was due to the court’s erroneous insistence that it would not issue an order to produce him unless personal service was effected upon respondent, the record indicates otherwise. The court, while initially indicating that personal service of the summons and petition upon respondent was required, subsequently acknowledged that the requirement would be relaxed if personal service was impossible (see Matter of Cruz v Cruz, 48 AD3d 804, 806 [2008], lv denied 10 NY3d 712 [2008]; Family Ct Act § 651 [b]). The court also set a date for the hearing and provided petitioner with a form to complete, which would have permitted him to testify electronically. However, petitioner refused to sign the form, and on the date of the hearing, neither petitioner nor respondent appeared. Contrary to petitioner’s contention, the court was not required to produce him when an alternative means for his participation was available. Furthermore, there is no indication that respondent was served with the subject petition or had notice of the hearing (see Matter of Church v Church, 294 AD2d 625 [2002]).
*298 We have considered petitioner’s remaining contentions, including those relating to alleged violations of his constitutional rights, and find them unavailing. Concur—Tom, J.E, Mazzarelli, Saxe, Nardelli and Buckley, JJ.