■ In the Matter of TIMOTHY FOSTER, Appellant, v BARBARA BARTLETT et al., Respondents. [874 NYS2d 651]—

Appeal from an order of the Family Court, Cattaraugus County (Paul B. Kelly, J.H.O.), entered September 6, 2007 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, dismissed the cross petition for child custody.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner father appeals from an order of disposition that, inter alia, dismissed his cross petition for custody of the child in question and continued temporary custody with the maternal grandmother. We note at the outset that the Law Guardian's contention that the order of disposition is not appealable as of right is without merit (*see* Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1112, at 345-346). We reject the Law Guardian's further contention that, because the father consented to the terms of the order of disposition, the appeal is moot. The father in fact consented only to that part of a subsequent order concerning his visitation rights (*see Matter of Deuel v Dalton*, 33 AD3d 1158, 1159 [2006]).

The record does not support the contention of the father that he did not consent to the referral of the matter to a Judicial Hearing Officer and thus Family Court did not have jurisdiction to determine the matter. Although the father did not personally sign the consent form, the record establishes that his attorney did so, "and thus the requirements of CPLR 4317 (a) were satisfied" (*Matter of Adam R.*, 43 AD3d 1425, 1426 [2007], *lv denied* 9 NY3d 816 [2007]). We reject the Law Guardian's contention that the court was required to determine whether extraordinary circumstances existed to deny the father custody and to continue custody with the maternal grandmother inasmuch as the court granted the maternal grandmother only temporary custody (*cf. Matter of Gary G. v Roslyn P.*, 248 AD2d 980, 981 [1998]). Contrary to the father's contention, however, we conclude that the court properly determined that it was in the best interests of the child to continue the temporary custody arrangement (*see generally Friederwitzer v Friederwitzer*, 55 NY2d 89, 94-95 [1982]). At the time of the hearing, the father had not yet completed the terms and conditions relating to a prior finding of neglect, and he had not been involved with the child's mental health treatment or schooling for the preceding year. Further, there was testimony presented at the hearing indicating that the father was likely to interfere with the child's relationship with respondent mother in the event that he was awarded custody. Thus, we conclude that the court's determination has a sound and substantial basis in the record, and we see no reason to disturb it (*see generally Matter of Jennifer L.B. v Jared R.B.*, 32 AD3d 1174, 1175 [2006]). Present—Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.