■ In the Matter of JANET L. BERG, Appellant, v RICHARD L. NAROLIS, SR., Respondent. [882 NYS2d 615]—

Appeal from an order of the Family Court, Oneida County (Joan E. Shkane, J.), entered April 25, 2008 in a proceeding pursuant to Domestic Relations Law article 5-A. The order dismissed the petition.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the petition is reinstated and the matter is remitted to Family Court, Oneida County, for further proceedings on the petition.

Memorandum: Petitioner mother and respondent father signed an agreement in November 2005 pursuant to which they were to have joint legal custody of their child, but the father was to have primary physical custody and was granted permission for the child to relocate with him to Florida. The agree-

ment, which was incorporated into a New York order, further provided that physical custody would be transferred back to the mother upon her relocation to Florida. The mother never relocated to Florida, however, and the child has continued to reside with the father. In December 2007 the mother filed a petition in New York seeking custody of the parties' child.

We conclude that Family Court erred in declining to exercise jurisdiction over the proceeding and in dismissing the mother's petition upon determining that, although it had exclusive continuing jurisdiction over the proceeding (*see* Domestic Relations Law § 76-a), New York was an inconvenient forum under Domestic Relations Law § 76-f. Section 76-f (2) provides that, "[b]efore determining whether it is an inconvenient forum, a court of this state . . . *shall* allow the parties to submit information and *shall* consider all relevant factors," including eight specified factors (emphasis added). The record establishes that the court properly allowed the parties to submit information, but we agree with the mother that the record fails to establish that the court considered all of the requisite statutory factors and that reversal therefore is required (*see Matter of Michael McC. v Manuela A.*, 48 AD3d 91, 98 [2007], *lv dismissed* 10 NY3d 836 [2008]; *Matter of Scala v Tefft*, 42 AD3d 689, 692 [2007]; *Matter of Blerim M. v Racquel M.*, 41 AD3d 306, 310 [2007]; *cf. Matter of Eisner v Eisner*, 44 AD3d 1111, 1113 [2007], *lv denied* 9 NY3d 816 [2007]; *Clark v Clark*, 21 AD3d 1326 [2005]).

Based on our determination, we need not address the mother's remaining contention. Present—Hurlbutt, J.P., Martoche, Fahey, Carni and Pine, JJ.