■■■ In the Matter of CLIFTON J. WILSON, Appellant, v TAMERA K. LINN, Respondent. [914 NYS2d 923]—

Appeal from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered January 14, 2010 in a proceeding pursuant to Family Court Act article 6. The order

granted the motion of respondent to transfer the proceeding to Montgomery, Alabama.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Cattaraugus County, for further proceedings in accordance with the following memorandum: Petitioner father appeals from an order granting respondent mother's motion to transfer "[j]urisdiction" of this proceeding pursuant to Family Court Act article 6 to Montgomery, Alabama. On a prior appeal, we affirmed the order granting the mother's petition to modify a prior order of custody and visitation by granting the mother permission for the parties' child to relocate with her to Alabama (*Matter of Linn v Wilson*, 68 AD3d 1767 [2009]). We reject the father's contention that the Referee lacked the requisite jurisdiction to hear and determine this matter. Although the father did not personally sign the stipulation granting jurisdiction to the Referee, the record establishes that his attorney did so (*see Matter of Foster v Bartlett*, 59 AD3d 976 [2009], *lv denied* 12 NY3d 710 [2009]).

We agree with the father, however, "that the record fails to establish that [Family Court] considered all of the requisite . . . factors" pursuant to Domestic Relations Law § 76-f (2) in determining that New York was an inconvenient forum (*Matter of Berg v Narolis*, 64 AD3d 1188, 1189 [2009]; *see Matter of Michael McC. v Manuela A.*, 48 AD3d 91, 98 [2007], *lv dismissed* 10 NY3d 836 [2008]; *Matter of Blerim M. v Racquel M.*, 41 AD3d 306, 310-311 [2007]). Moreover, although the parties dispute whether the court lacked jurisdiction pursuant to Domestic Relations Law § 76-a, there is no indication in the record that the court based its decision on that ground (*see generally Matter of Recard v Polite*, 21 AD3d 379 [2005]; *Matter of Greenidge v Greenidge*, 16 AD3d 583, 584 [2005]). We therefore reverse the order and remit the matter to Family Court to determine whether it has jurisdiction over the proceeding pursuant to section 76-a and, if so, whether New York would be an inconvenient forum based on the factors set forth in section 76-f. Present—Smith, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.