■ In the Matter of BLERIM M., Respondent, v RACQUEL M., Appellant. [942 NYS2d 87]—

Order, Family Court, Bronx County (Andrea Masley, J.), entered on or about December 1, 2010, which, after a nonjury trial, modified a prior order, Family Court, Albany County (Gerard E. Maney, J.), dated August 1, 2005, to the extent of awarding sole physical and legal custody of the parties' four children to petitioner father, with liberal visitation afforded to respondent mother, unanimously affirmed, without costs.

Pursuant to the prior order of the Albany Family Court, the parties shared joint custody of their four children, with primary physical custody to the respondent mother who was permitted to relocate to North Carolina with the children, with liberal visitation to the father. Subsequently, the father brought the instant proceeding challenging that arrangement and alleging that a change of circumstances had occurred in that, inter alia, the mother had been home-schooling the children without his knowledge and consent; another tenant had been residing in her apartment and she refused to inform the father who that person is; the mother had instructed the children not to tell the father who was supervising them, when they were hurt or any such information about them; and the mother interfered with the father's visits with the children.

In light of, inter alia, the mother's surreptitious home-schooling of the children, over the father's objections, despite being completely unqualified to do so; her failure to keep the father informed of the children's address, living conditions, educational progress, or any other relevant details; and her habit of repeatedly leaving the children in the care of multiple members of her church who disciplined the children by inflicting corporal punishment, the father has demonstrated that, since the prior order had been entered, in or around 2005, there has been a significant change of circumstances such that a change in the custody arrangement is in the children's best interests (see Matter of Diffin v Towne, 47 AD3d 988, 990 [2008], lv denied 10 NY3d 710 [2008]).

The record further establishes that the parties' children were negatively affected by the mother's behavior, which, among other things, caused them to fall behind their peers, academically and socially. On the other hand, the children have thrived in the father's custody. He has provided a stable home for the children, and has met their educational and medical needs (see Matter of Westfall v Westfall, 28 AD3d 1229, 1230 [2006], lv

*denied* 7 NY3d 706 [2006]; *Matter of Williams v Williams*, 66 AD3d 1149, 1151 [2009]). There is no evidence to support a disruption of the stability the children have experienced in the father's care (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]).

Moreover, the mother has demonstrated a complete unwillingness to fulfill her obligations under the prior joint custody order, and, thus, joint custody is inappropriate (*see Matter of Rosario WW. v Ellen WW.*, 309 AD2d 984, 986 [2003]). Concur—Andrias, J.P., Friedman, Moskowitz, Freedman and Manzanet-Daniels, JJ.