Order, Family Court, New York County (Marva A. Burnett, Ref.), entered on or about September 1, 2011, which granted the father’s petition to modify an order of joint custody and awarded sole custody of the children to him, with visitation to respondent mother, unanimously affirmed, without costs.
Pursuant to the prior order of the Family Court, the parties shared joint custody of their two children, with primary physical custody to the mother, who resides in Mount Vernon, with liberal visitation to the father, who resides in Manhattan. Subsequently, the father brought the instant proceeding seeking sole custody of the children based on a change in circumstances, namely, that the mother was not meeting the children’s basic hygiene and medical needs, and he had safety concerns regarding their school commute.
There is a sound and substantial basis in the record for the Referee’s credibility determinations (see Matter of Frank M. v Donna W., 44 AD3d 495, 495-496 [1st Dept 2007]; St. Clement v Casale, 29 AD3d 367, 368 [1st Dept 2006]). In particular, the mother’s testimony regarding the children’s medical needs was contradicted not only by the father, but by the social worker and her children, as well as the children’s dentist, who informed the social worker that he had advised the mother one child had “rampant cavities.” The mother did nothing until the Referee ordered her to take the child to the dentist. Similarly, while she claimed that the children never traveled to school unaccompanied by an adult, the children themselves told the social worker otherwise.
The record also supports the Referee’s determination that the father has provided a stable home for the children and has sought to get them adequate medical attention and meet their educational needs. While the father is unemployed, it has not hindered his ability to adequately care for the children. In *598 contrast, the mother, who is employed, was consistently unable to tend to the children’s health and safety concerns (see Matter ofBlerim M. v Racquel M., 94 AD3d 562 [1st Dept 2012]).
The attorneys for both children favor affirming the Referee’s determination, as both children seem to be well cared for and are satisfied with their living arrangements with the father (see Matter of Osbourne S. v Regina S., 55 AD3d 465, 466 [1st Dept 2008], lv dismissed 13 NY3d 782 [2009]). Concur—Tom, J.P., Sweeny, Renwick, Abdus-Salaam and Manzanet-Daniels, JJ.