# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**728**

**CAF 13-00019**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF ZACHARY R.
------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,          MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

DUANE R., RESPONDENT-APPELLANT.

---

EVELYNE A. O'SULLIVAN, EAST AMHERST, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

---

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.) entered December 19, 2012 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated the parental rights of respondent.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order terminating his parental rights with respect to his son on the ground of mental illness. We conclude that petitioner met its burden of demonstrating by clear and convincing evidence that the father is "presently and for the foreseeable future unable, by reason of mental illness . . . , to provide proper and adequate care for [the] child" (Social Services Law § 384-b [4] [c]; *see Matter of Christopher B., Jr. [Christopher B., Sr.]*, 104 AD3d 1188, 1188; *Matter of Alberto C. [Tibet H.]*, 96 AD3d 1487, 1488, *lv denied* 19 NY3d 813). Contrary to the father's contention, petitioner presented clear and convincing evidence establishing that he is presently suffering from a mental illness that "is manifested by a disorder or disturbance in behavior, feeling, thinking or judgment to such an extent that if such child were placed in . . . the custody of the [father], the child would be in danger of becoming a neglected child" (§ 384-b [6] [a]; *see Matter of Destiny V. [Lynette V.]*, 106 AD3d 1495, 1495).

The father's contention that petitioner undermined his relationship with the child by limiting his visitation time and thus failed to establish that it made diligent efforts to strengthen and encourage his relationship with his child is of no moment. "[U]nlike [a] case where parental rights are terminated due to permanent neglect

. . . , no such showing is required when the ground for termination is mental illness" (*Matter of Demetrius F.*, 176 AD2d 940, 941; *see Matter of Michael D.*, 306 AD2d 938, 938; *see generally Matter of Michael F.*, 16 AD3d 1116, 1116).

Entered:  June 20, 2014                                                    Frances E. Cafarell
                                                                           Clerk of the Court