Graves v Huff (2019 NY Slip Op 01010)





Graves v Huff


2019 NY Slip Op 01010


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


132 CA 17-02033

[*1]MARK F. GRAVES, JR., PLAINTIFF-APPELLANT,
v
JESSICA R. HUFF, DEFENDANT-RESPONDENT. (APPEAL NO. 2.) 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR PLAINTIFF-APPELLANT.
MAUREEN A. PINEAU, ROCHESTER, FOR DEFENDANT-RESPONDENT.
EFTIHIA BOURTIS, ROCHESTER, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Supreme Court, Monroe County (John M. Owens, A.J.), entered September 5, 2017. The order, insofar as appealed from, granted that part of the motion of defendant to dismiss plaintiff's application for a modification of custody. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in its entirety, the application filed on August 1, 2017 is reinstated, and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: In appeal No. 1, plaintiff father appeals from an order that, after an evidentiary hearing, denied his application to modify an existing custody order regarding the parties' sons. In appeal No. 2, the father appeals from an order that, inter alia, granted that part of defendant mother's motion to dismiss, on forum non conveniens grounds, a subsequently-filed application to modify the same custody order.
In appeal No. 1, we reject the father's contention that Supreme Court erred in refusing to modify the existing custody arrangement. It is well settled that "a court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record . . . , i.e., it is not supported by a sound and substantial basis in the record" (Matter of Nevin H. [Stephanie H.], 164 AD3d 1090, 1093 [4th Dept 2018] [internal quotation marks omitted]). Here, we see no reason to disturb the court's credibility assessments, and we conclude that the custody determination is supported by a sound and substantial basis in the record. We therefore affirm the order in appeal No. 1.
In appeal No. 2, however, we agree with the father that the court erred in dismissing the application on forum non conveniens grounds. In custody matters, "[b]efore determining whether it is an inconvenient forum, a court of this state shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court . . . shall consider all relevant factors," including eight enumerated factors (Domestic Relations Law § 76-f [2]). Here, the record fails to establish that the court considered all of the requisite statutory factors. We therefore reverse the order in appeal No. 2 insofar as appealed from, deny the mother's motion to dismiss in its entirety, reinstate the father's application filed on August 1, 2017, and remit the matter to Supreme Court for further proceedings thereon in compliance with section 76-f (2) (see Matter of Berg v Narolis, 64 AD3d 1188, 1189 [4th Dept 2009]; see also Matter of Wilson v Linn, 79 AD3d 1767, 1768 [4th Dept 2010]; Matter of Scala v Tefft, 42 AD3d 689, 692 [3d Dept 2007]). The father's remaining contention in appeal No. 2 is academic.
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court