Gugliara v Veras (2019 NY Slip Op 01746)





Gugliara v Veras


2019 NY Slip Op 01746


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-06893
 (Index No. 56662/10)

[*1]Lawrence Gugliara, respondent,
v
Stefanie Veras, appellant.


Carol Kahn, New York, NY, for appellant.
Michael J. Good, Brooklyn, NY, for respondent.
Rhonda R. Weir, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of the Supreme Court, Kings County (Rachel A. Adams, J.), dated June 13, 2016. The judgment, insofar as appealed from, upon a decision after trial of the same court also dated June 13, 2016, awarded sole custody of the parties' children to the plaintiff and awarded the defendant maintenance in the sum of only $400 per month for a period of five years.
ORDERED that the appeal from so much of the judgment as awarded sole custody of the parties' child Lawrence to the plaintiff is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the judgment is affirmed insofar as reviewed, without costs or disbursements.
The parties were married in 2002 and had two children together. In December 2010, the plaintiff commenced this action for a divorce and ancillary relief. Following a nonjury trial, the Supreme Court awarded sole custody of the children to the plaintiff and awarded the defendant maintenance in the sum of $400 per month for a period of five years. The defendant appeals.
"The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts" (Culen v Culen, 157 AD3d 926, 928). Here, considering the relevant factors, which included the length of the marriage, the standard of living of the parties, their respective ages and present and future earning capacities, and their respective income and assets (see Domestic Relations Law former § 236[B][6][a]; Neumann v Hercz, 166 AD3d 790; Gorman v Gorman, 165 AD3d 1067), we find that the amount and duration of the award of maintenance was a provident exercise of discretion.
With respect to custody, the parties' oldest child is now 18 years old and can no longer be the subject of a custody order (see Slater-Mau v Mau, 4 AD3d 658; Matter of Lazaro v Lazaro, 227 AD2d 402). The Supreme Court's determination that the best interests of the parties' youngest child would be served by awarding sole custody to the plaintiff, with liberal parental access [*2]to the defendant, has a sound and substantial basis in the record and will not be disturbed (see Matter of Gooler v Gooler, 107 AD3d 712).
MASTRO, J.P., DUFFY, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court