Matter of Anderson v Cintron (2025 NY Slip Op 05591)

Matter of Anderson v Cintron

2025 NY Slip Op 05591

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND HANNAH, JJ.

697 CAF 24-01406

[*1]IN THE MATTER OF ABIGAIL ANDERSON, PETITIONER-APPELLANT,
v
JON C. CINTRON, RESPONDENT-RESPONDENT. 

CAITLIN M. CONNELLY, BUFFALO, FOR PETITIONER-APPELLANT.
CHARLES GREENBERG, AMHERST, FOR RESPONDENT-RESPONDENT.
DEBRA D. WILSON, LOCKPORT, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Mary G. Carney, J.), entered July 2, 2024, in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petition is reinstated and the matter is remitted to Family Court, Erie County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner mother, a New York resident, filed a petition seeking to modify a prior order of custody and visitation entered on stipulation of the parties (stipulated order) that continued primary residential placement of the subject child with respondent father, a resident of Texas. The mother filed the modification petition pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), which was adopted by New York (see Domestic Relations Law art 5-A) and Texas (see Tex Fam Code Ann § 152.001 et seq.). Without a hearing or a record of the proceedings, Family Court dismissed the modification petition on the ground of lack of jurisdiction. The mother now appeals from the ensuing order.
Inasmuch as the court here made the prior custody determinations, the threshold question before us is whether it ever lost or relinquished its jurisdiction under Domestic Relations Law §§ 76-a, 76-e or 76-f (see generally Matter of Adams v John, 227 AD3d 1395, 1396 [4th Dept 2024]; Matter of Smith v Smith, 226 AD2d 1095, 1096 [4th Dept 1996]). However, with no record of the proceedings that occurred with respect to the order on appeal, we are unable to determine on this record what provision of the Domestic Relations Law the court relied on in deciding that it lacked jurisdiction, whether the court complied with the procedures of the UCCJEA in making that determination (see § 75-i; see generally Matter of Beyer v Hofmann, 161 AD3d 1536, 1537 [4th Dept 2018]; Matter of Wilson v Linn, 79 AD3d 1767, 1768 [4th Dept 2010]), and whether the court's decision had evidentiary support.
Inasmuch as we cannot discern on this record whether the court complied with the UCCJEA and properly determined that it lacked jurisdiction, we reverse the order, reinstate the modification petition, and remit the matter to Family Court to render a determination in compliance with the UCCJEA after creating an appropriate record (see Matter of Hiles v Hiles, 165 AD3d 1394, 1396 [3d Dept 2018]; see generally Wilson, 79 AD3d at 1768; Smith, 226 AD2d at 1096). We note that "the events subsequent to the entry of the order we are reversing may be relevant to and can be considered on remittal" (Beyer, 161 AD3d at 1537 [internal quotation marks omitted]). The mother's remaining contention is academic in light of the foregoing.
Entered: October 10, 2025
Ann Dillon Flynn
Clerk of the Court